[Nos. 14509-3-III; 14625-1-III.    Division Three.    June 3, 1997.]

THE STATE OF WASHINGTON, *Respondent*, v. EDWIN PRADO, *Appellant*.

*Eric M. Christianson,* for appellant.

*Gary A. Riesen, Prosecuting Attorney,* and *James A. Hershey, Deputy,* for respondent.

THOMPSON, J. — Edwin Prado had sex with a 13-year-old girl while on community supervision for second degree theft. The State alleged his involvement with the girl violated the "obey all laws" term of his community supervision. The State then discovered the "obey all laws" condition in his sentence was invalid. The proceeding dealing with the alleged community supervision violation was then struck by the court. Thereafter, Mr. Prado was convicted of two counts of second degree child rape. He appeals contending the conviction on the rape charges was precluded because double jeopardy attached when he admitted the community supervision violation. We affirm.

On July 21, 1994, the State charged Mr. Prado with five counts of second degree rape for engaging in sexual intercourse with a 13-year-old girl on five occasions between July 15 and July 18, 1994. On September 13, the State, under the cause number for his previous second degree theft convictions, filed a motion and affidavit alleging six grounds which constituted violations of the community supervision conditions. Five of the allegations dealt with the conduct with the girl for which he was charged and convicted. The State contended his involvement with the girl violated the "obey all laws" condition of his community supervision.

In October 1994, Mr. Prado appeared before the court for the community supervision violations. Mr. Prado admitted to engaging in sex with the 13-year-old. The court continued the violation hearing. Later that day, Mr. Prado moved to dismiss the rape charges contending his admissions at the community supervision hearing precluded prosecution under double jeopardy. The court requested briefing on the double jeopardy issue. Later that

month, the State moved to strike the community supervision violations because Mr. Prado was not a first-time offender, and thus the condition that he obey all laws was not proper for the second degree theft judgment and sentence. Defense counsel did not object. The court granted the motion and ordered the noncompliance proceeding and Mr. Prado's admissions be struck. The court again requested briefing on the double jeopardy issue.

On November 7, the court heard arguments on whether double jeopardy precluded prosecution of the rape charges. The court determined that double jeopardy did not apply to community supervision violations. The court further stated that if double jeopardy applied, the allegation of violations of community supervision conditions was defective due to the erroneously included condition, and was subsequently dismissed.

Mr. Prado had a stipulated facts trial on the rape charges. The court convicted Mr. Prado of two counts of second degree child rape and sentenced him to 129 months for each count. He now appeals.

Double jeopardy protects an individual from being subjected to prosecution for the same offense more than once. *United States v. Dixon*, 509 U.S. 688, 113 S. Ct. 2849, 2855, 125 L. Ed. 2d 556 (1993); *State v. Gocken*, 127 Wn.2d 95, 100, 896 P.2d 1267 (1995). Double jeopardy applies to successive punishments and successive prosecutions for the same offense. *Dixon*, 113 S. Ct. at 2855.

Is a community supervision violation hearing a criminal prosecution for double jeopardy purposes? In *Dixon*, the Supreme Court held that a criminal contempt proceeding for violating a condition of pretrial release precluded subsequent prosecution for that violation. *Id.* at 2856. The Court based its decision on the fact that "criminal contempt, at least the sort enforced through nonsummary proceedings, is a 'crime in the ordinary sense.' " *Id.* (quoting *Bloom v. Illinois*, 391 U.S. 194, 201, 88 S. Ct. 1477, 20 L. Ed. 2d 522 (1968)). The Ninth Circuit recently held that

case law unambiguously establishes that double jeopardy does not preclude criminal prosecution for conduct which is also the basis for revoking parole or probation. *United States v. Soto-Olivas*, 44 F.3d 788, 789 (9th Cir.), *cert. denied*, 515 U.S. 1127, 115 S. Ct. 2289, 132 L. Ed. 2d 290 (1995). The Ninth Circuit reasoned that a revocation is not punishment for the events which violated the parole or probation. *Id.* In *Soto-Olivas*, the court held that double jeopardy did not preclude a subsequent prosecution for an act which revoked a defendant's supervised release. *Id.* at 792. Mr. Prado argues that his situation is analogous to *Dixon*, and thus, double jeopardy should have barred the rape convictions. The State contends Mr. Prado's situation more closely resembles *Soto-Olivas*.

■■ Washington law deems parole revocations are consequences of the original prosecution rather than part of a new prosecution. *State v. Dupard*, 93 Wn.2d 268, 276, 609 P.2d 961 (1980); *Standlee v. Smith*, 83 Wn.2d 405, 407, 518 P.2d 721 (1974). Recently, Division One held that double jeopardy does not preclude subsequent prosecution of acts which also are the basis for an order of confinement imposed for a violation of a sentencing condition. *State v. Grant*, 83 Wn. App. 98, 111, 920 P.2d 609 (1996).

When a defendant violates a condition or requirement of his sentence, the court may modify the sentence and order a maximum additional 60 days confinement per violation. RCW 9.94A.200. The statute intends the violation of the condition to relate to the original prosecution, rather than constitute a new prosecution. However, imposition of a maximum of 60 days incarceration per violation could be deemed additional punishment. In *Soto-Olivas*, the Ninth Circuit rejected a similar argument pertaining to supervised release. *Soto-Olivas*, 44 F.3d at 790. The court stated that supervised release is part of the original sentence, so returning a defendant to jail for violating terms of the supervised release is part of the punishment imposed for the original crime. *Id.* The court further reasoned that conditions or terms of supervised release

may be acts which do not constitute a crime. *Id.* Thus, if a court may return a defendant to jail for noncriminal acts "the rationale must be that the punishment is part of the sanction for the original . . . crime." *Id.* Employing the same reasoning, modifications of sentences due to violations of the conditions of community supervision should be deemed punishment for the original crime.

First, it is important to note the court did not modify Mr. Prado's judgment and sentence for the second degree theft charge. Mr. Prado does not specifically challenge the court's striking the proceeding and the amendment of the judgment and sentence. The trial court properly amended the judgment and sentence to strike the "obey all laws" provision because of Mr. Prado's repeat offender status. *See* RCW 9.94A.030(7); *State v. Barclay*, 51 Wn. App. 404, 407-08, 753 P.2d 1015, *review denied*, 111 Wn.2d 1010 (1988). But there was no modification imposing a penalty for sentencing violations and no subsequent prosecution.

Even if the court had modified the second degree theft sentence and imposed a penalty, double jeopardy would not have barred prosecution for the rape charges. Although the court could have imposed additional jail time for the violation, the proceedings and action are more similar to parole and probation revocations. The alleged violation does not constitute charging a new crime. Although Mr. Prado argues *Dixon* should control, the situations are dissimilar. In *Dixon*, the defendant was out on bail when he violated the conditions set by the court. *Dixon*, 113 S. Ct. at 2853. There was no original crime for the conditions to relate to. Here, Mr. Prado was being punished for a second degree theft conviction. This situation is analogous to a parole, probation, or supervised release. Any punishment for a violation of a condition would relate to the original crime. Under *Soto-Olivas* and *Grant,* the subsequent prosecutions for rape were not barred.

We affirm.

Sweeney, C.J., and Schultheis, J., concur.

Review denied at 133 Wn.2d 1018 (1997).