51 P.3d 73 (2002)
147 Wash.2d 1
In re the Detention of Robin G. ALBRECHT, Respondent.
No. 71214-0.
Supreme Court of Washington, En Banc.
Argued January 15, 2002.
Decided August 1, 2002.
*74 Christine Gregoire, Attorney General, Todd Bowers, Assistant Attorney General, for Petitioner.
Susan Gasch, Spokane, for Respondent.
CHAMBERS, J.
We are asked to determine whether the State must allege a recent overt act in order to commit an offender as a sexually violent predator when the offender has been released from total confinement into the community and then returned to total confinement. We conclude that after a person has been released into the community, due process would be subverted by failing to require proof of a recent overt act.

FACTS
Robin G. Albrecht has a long history of sexual offenses, including two that were classified as sexually violent offenses.[1] In 1976, he pleaded guilty to one count of indecent liberties following incidents where he sexually assaulted three children after befriending *75 their family and luring the children into his apartment. The court deferred sentencing and committed Albrecht for evaluation as a sexual psychopath. Then in 1992, Albrecht entered a guilty plea to second degree child molestation after fondling the genitals of a six-year-old girl he was babysitting. Albrecht was sentenced to 48 months of confinement followed by a period of community supervision, with credit for 197 days served. On July 22, 1996, after serving the 48 months, he was released to community placement.[2]
Community placement was part of the sentence for the 1992 offense, and the terms of the original sentencing order included avoiding any contact with the victim, obtaining prior approval of residence locations and living arrangements, and participation in sexual deviance treatment and mental health counseling. The order also stated, "[y]ou shall not have direct or indirect contact with ... minor children" and "[y]ou shall comply with any crime related prohibitions as follows: Not to go to parks, playgrounds or any other area designed primarily for children."[3]
Thirty days after release from prison, on August 20, 1996, Albrecht was arrested for violating the conditions of his community placement by allegedly offering two boys 50 cents to follow him. The boys, who recognized Albrecht from the community notification flyer at their apartment complex, fled from him and notified the apartment manager, who called the police.
In September 1996, the Department of Corrections referred Albrecht for potential civil commitment as a sexually violent predator. Apparently unaware that the State was considering filing a sexual predator petition, Albrecht entered into plea negotiations with the State and accepted a 120-day sentence in jail. The record does not indicate which of the terms and conditions of release he violated, but "direct or indirect contact with ... minor children" would justify the violation. Albrecht, still unaware of the planned sexually violent predator petition, stipulated to the terms of a proposed order and waived the right to a full hearing. In October 1996, the court signed the "order modifying community supervision," which imposed 120 days in jail for the violation, with credit for time served since August 20, 1996. Clerk's Papers (CP) at 28.
On November 7, 1996, while Albrecht was still in jail for the community placement violation, the State filed a petition to determine the existence of probable cause that Albrecht was a sexually violent predator, alleging that the August 1996 incident with the two boys at the apartment complex constituted a "recent overt act." CP at 1-2. The psychologist retained by the State opined that to a reasonable psychological certainty, Albrecht met the criteria for sexually violent predator under former RCW 71.09.020(1) (1995).[4] On November 7, 1996, an arrest warrant was signed for Albrecht's continued detention pursuant to former RCW 71.09.040 (1995).[5] Probable cause was found to commit Albrecht as a sexually violent predator.[6] He remained incarcerated.[7]
*76 After defense counsel deposed the two boys involved in the incident, he indicated to the attorney general that the boys' testimony regarding the 1996 incident was inadequate to prove a recent overt act. The State thereafter moved to amend the petition to delete its allegation of a recent overt act. The trial court granted the motion, finding that Albrecht was totally confined when the petition was filed and that the State did not therefore need to prove a recent overt act. The State then filed an amended petition omitting reference to a recent overt act.
In November 1998, Division Three of the Court of Appeals granted Albrecht's motion for interlocutory review to consider (1) whether the State should have been required to prove a recent overt act, and (2) whether the file should be sealed. In a published opinion, the Court of Appeals held that the trial court should have required proof of a recent overt act despite the fact that Albrecht was currently in custody on a violation of his conditions of community placement. The State petitioned for review of the recent overt act issue. This Court granted review and remanded to the Court of Appeals in light of In re Detention of Henrickson, 140 Wash.2d 686, 2 P.3d 473 (2000). The Court of Appeals was not persuaded that Henrickson required a different result.

ANALYSIS
In 1990, responding to public outcry against a string of brutal sex crimes by recidivist sex offenders, Washington enacted legislation to allow for indefinite civil detention of offenders deemed "likely to engage in predatory acts of sexual violence." RCW 71.09.020(1). This statute replaced earlier laws that imposed treatment as an alternative to imprisonment.
"The constitution requires that a person shall not be deprived of life, liberty, or property without due process of law." In re Pers. Restraint of Young, 122 Wash.2d 1, 26, 857 P.2d 989 (1993) (quoting U.S. Const. amends. V, XIV; Const. art. I, § 3). A law that impinges on a fundamental right such as freedom from restraint is constitutional only if it furthers a compelling state interest and is narrowly tailored to further that interest. Young, 122 Wash.2d at 26, 857 P.2d 989. A state has a legitimate interest in treating the mentally ill and protecting society from their actions. Addington v. Texas, 441 U.S. 418, 426, 99 S.Ct. 1804, 60 L.Ed.2d 323 (1979). However, a narrowly tailored statute must require that an individual be both mentally ill[8] and dangerous for civil commitment to satisfy due process. Id. at 426, 99 S.Ct. 1804. Accord Foucha v. Louisiana, 504 U.S. 71, 80, 112 S.Ct. 1780, 118 L.Ed.2d 437 (1992); Allen v. Illinois, 478 U.S. 364, 106 S.Ct. 2988, 92 L.Ed.2d 296 (1986). In Young we held that "there is no doubt that commitment [of sexually violent predators] is predicated on dangerousness under the Statute." Young, 122 Wash.2d at 32, 857 P.2d 989.
The dangerousness must be current. See Foucha, 504 U.S. at 80, 112 S.Ct. 1780 (holding that continued confinement of an insanity acquittee was impermissible absent proof by clear and convincing evidence of both "current mental illness and dangerousness"); Henrickson, 140 Wash.2d at 692, 2 P.3d 473 (stating that "[t]he Washington sexually violent predator statute is premised on a finding of the present dangerousness of those subject to commitment"); former RCW 71.09.020(1) (1995) (defining a sexually violent predator as "likely to engage in predatory acts of sexual violence if not confined in a secure facility.").
This Court has upheld RCW 71.09.030's constitutionality upon a due process challenge by a person who has been released from total confinement only where the State has demonstrated a substantial risk of physical harm as evidenced by a recent overt act.[9]Young, 122 Wash.2d at 41-42, 857 P.2d 989. In response, the Legislature amended the act *77 to incorporate the requirement. See Laws of 1995, ch. 216, § 3. A sexually violent predator petition can now be filed against "[a] person who at any time previously has been convicted of a sexually violent offense and has since been released from total confinement" only where he or she has committed a recent overt act. RCW 71.09.030(5) (emphasis added). A recent overt act can be either an act or a threat:
"Recent overt act" means any act that has either caused harm of a sexually violent nature or creates a reasonable apprehension of such harm.
Former RCW 71.09.020(5) (1995).
In Young, we held that where an individual is incarcerated, no evidence of a recent overt act is required because "[f]or incarcerated individuals, a requirement of a recent overt act under the Statute would create a standard which would be impossible to meet." Young, 122 Wash.2d at 41, 857 P.2d 989. Due process "`does not require that the absurd be done before a compelling state interest can be vindicated.'" Id. (quoting People v. Martin, 107 Cal.App.3d 714, 725, 165 Cal.Rptr. 773 (1980)). Accordingly, the Legislature did not impose the "recent overt act" requirement on persons "about to be released from total confinement." RCW 71.09.030(1). The legislative findings clearly expressed a concern that the involuntary commitment statute, chapter 71.05 RCW, was inadequate to deal with sexually violent predators precisely because prisoners have no opportunity to commit a recent overt act while incarcerated.
In Henrickson, this Court held that "[a]lthough chapter 71.09 RCW excuses the State from proof of a recent overt act when a petition is filed against an incarcerated individual, the commitment at issue must still satisfy due process." Henrickson, 140 Wash.2d at 694, 2 P.3d 473 (citing Young, 122 Wash.2d at 27, 857 P.2d 989).
With these principles in mind, we will turn to the issues raised in this case. The purpose of relieving the State of the burden of proving a recent overt act, when the offender has been continuously incarcerated since conviction, is that such a requirement would create an impossible burden for the State to meet. Henrickson, 140 Wash.2d at 695, 2 P.3d 473 (citing Young, 122 Wash.2d at 41, 857 P.2d 989).[10] Here, Albrecht was released into the community following his incarceration, albeit under some supervision.
The State argues that Albrecht was under total confinement at the time the sexually violent petition was filed. We agree. The definition of total confinement is found in chapter 9.94A RCW:
"Total confinement" means confinement inside the physical boundaries of a facility or institution operated or utilized under contract by the state or any other unit of government for twenty-four hours a day, or pursuant to RCW 72.64.050 and 72.64.060.
Former RCW 9.94A.030(35) (1996).
The Court's main objective in construing a statute is to carry out the Legislature's intent. State v. Alvarez, 128 Wash.2d 1, 11, 904 P.2d 754 (1995). A statute that is clear on its face is not subject to judicial construction, and courts must give effect to its meaning as an expression of legislative intent. State v. Chapman, 140 Wash.2d 436, 450, 998 P.2d 282, cert. denied, 531 U.S. 984, 121 S.Ct. 438, 148 L.Ed.2d 444 (2000).
Under a plain reading of the statute, Albrecht was totally confined because he was confined inside the physical boundaries of the jail 24 hours a day. However, that does not resolve the due process challenge.
Our holdings in Young and Henrickson were premised on the logic that where an alleged sexually violent predator has not been released into the community since the offender's last conviction, the only way the *78 State could prove a recent overt act would be to go back to the last offense for which the offender has been convicted. Henrickson, 140 Wash.2d at 695, 2 P.3d 473; Young, 122 Wash.2d at 41, 857 P.2d 989. After the offender has been released into the community, proof of a recent overt act is no longer an impossible burden for the State to meet.
While due process does not require that the absurd be done, once the offender is released into the community, as Albrecht was, due process requires a showing of current dangerousness. Foucha, 504 U.S. at 80, 112 S.Ct. 1780. This conclusion is supported by the plain meaning of the statute. See RCW 71.09.030(5), which permits the State to file a sexually violent predator petition where "a person who at any time previously has been convicted of a sexually violent offense and has since been released from total confinement and has committed a recent overt act." (Emphasis added.) The same act does not require a recent overt act if an offender "is about to be released from total confinement." RCW 71.09.030(1). Thus both our jurisprudence and the relevant statutes relieve the State of the burden of proving a recent overt act before the offender is released from total confinement.
The State asks us to extend Henrickson to hold that when an offender is released into the community and is later totally incarcerated, no proof of a recent overt act is required. We decline to do so. To relieve the State of the burden of proving a recent overt act because an offender is in jail for a violation of the conditions of community placement would subvert due process. An individual who has recently been free in the community and is subsequently incarcerated for an act that would not in itself qualify as an overt act cannot necessarily be said to be currently dangerous. Albrecht could have easily been jailed for consuming alcohol, going to a park, or moving without permission, each of which would have been a violation of the terms of his community placement but none of which would amount to a recent overt act as defined by the sexually violent predator statute.[11]
The existence of a recent overt act, as that term is defined by former RCW 71.09.020(5) (1995), necessarily satisfies the dangerousness element required by due process. This is because the recent overt act requirement directly and specifically speaks to a person's dangerousness and thus satisfies the dangerousness element required by due process.
We affirm the Court of Appeals in part and remand to the trial court for proceedings consistent with this opinion.
WE CONCUR: ALEXANDER, C.J., SMITH, JOHNSON, SANDERS, JJ.
MADSEN, J. (concurring in the dissent).
I agree with the majority that the fact that Albrecht was in custody for violating a condition of community placement alone is insufficient to relieve the State from its obligation to prove a recent overt act under this court's decision in In re Detention of Henrickson, 140 Wash.2d 686, 2 P.3d 473 (2000). Had Albrecht been in custody for drinking in public, for example, the necessary link to the underlying sexually violent offense probably would have been insufficient to establish current dangerousness.
In this case, however, Albrecht stipulated to violating the terms of his community placement by engaging in conduct that "would itself qualify as a recent over act." Id. at 695, 2 P.3d 473 (citing In re Pers. Restraint of Young, 122 Wash.2d 1, 857 P.2d 989 (1993)). Specifically, Albrecht did not contest the State's allegation that he offered two boys 50 cents to follow him. Considering his history of sexually assaulting children, this conduct is sufficient to satisfy Henrickson. Accordingly, I concur in part in the dissent and would reverse the Court of Appeals.
OWENS, J. (dissenting).
I respectfully dissent. This case falls squarely within the ambit of our holding in *79 In re Detention of Henrickson, 140 Wash.2d 686, 695, 2 P.3d 473 (2000):
When, on the day a sexually violent predator petition is filed, an individual is incarcerated for a sexually violent offense, RCW 71.09.020(6), or for an act that would itself qualify as a recent overt act, RCW 71.09.020(5), due process does not require the State to prove a further overt act occurred between arrest and release from incarceration.
(Emphasis added.) Indisputably, Robin Albrecht was incarcerated on the day the State filed its sexual predator petition. Thus, to meet the plain language of the Henrickson holding and thereby relieve the State of the need to allege and "prove a further overt act," Albrecht's incarceration at the time of the petition had to be either "for a sexually violent offense" or "for an act that would itself qualify as a recent overt act."
The State has argued persuasively that the incarceration would satisfy either of the two alternatives set forth in our Henrickson holding. First, the State maintains that, following Albrecht's violation of the terms of his community placement, his 120-day incarceration constituted "incarcerat[ion] for a sexually violent offense." The community placement conditions were a part of Albrecht's 1992 sentence for his second degree child molestation conviction. Because Albrecht would not have been subject to community placement conditions (and the incarceration upon violating those conditions) but for the 1992 conviction for child molestation, his incarceration at the time of the sexual predator petition was "for"that is, "because of or "on account of" the original sexually violent offense for which he was convicted in 1992. WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 886 (1976).
Support for this viewthat the additional jail time was a continuation of Albrecht's punishment for the 1992 sexually violent offenseis found in State v. Prado, 86 Wash.App. 573, 937 P.2d 636, review denied, 133 Wash.2d 1018, 948 P.2d 388 (1997). There, defendant Prado was under community supervision for a second degree theft conviction when he raped a 13-year-old girl. Prado contended that prosecution for the rape violated double jeopardy because the same conduct had given rise to his community supervision hearing. But Division Three held that prosecuting Prado for the rape did not violate double jeopardy because "modifications of sentences due to violations of the conditions of community supervision should be deemed punishment for the original crime." Id. at 578, 937 P.2d 636 (emphasis added); see also State v. Grant, 83 Wash.App. 98, 111, 920 P.2d 609 (1996) (concluding that prosecution for felony violation of postsentence court order did not violate double jeopardy because "the order of confinement ... for Grant's violation of the conditions of his sentence was a continuing consequence of Grant's original conviction"). The Prado court noted that, under Washington law, "parole revocations are consequences of the original prosecution rather than part of a new prosecution." 86 Wash.App. at 577, 937 P.2d 636 (citing State v. Dupard, 93 Wash.2d 268, 276, 609 P.2d 961 (1980); Standlee v. Smith, 83 Wash.2d 405, 407, 518 P.2d 721 (1974)). The court also relied on the Ninth Circuit's holding that prosecuting a defendant for an act supporting revocation of the defendant's supervised release did not violate the double jeopardy clause. United States v. Soto-Olivas, 44 F.3d 788, 792 (9th Cir.), cert. denied, 515 U.S. 1127, 115 S.Ct. 2289, 132 L.Ed.2d 290 (1995). In Soto-Olivas, the Ninth Circuit surmised that, because the conditions for supervised release may be noncriminal acts and because "a court may return a defendant to jail for noncriminal acts[,] `the rationale must be that the punishment is part of the sanction for the original... crime.'" Prado, 86 Wash.App. at 578, 937 P.2d 636 (quoting Soto-Olivas, 44 F.3d at 790 (emphasis added)).
Because I find this reasoning entirely persuasive, I would hold that Albrecht was incarcerated for a sexually violent offense at the time the State filed its sexual predator petition and that, consequently, under our holding in Henrickson, the State was not required to prove that Albrecht had committed "a further overt act."
I am also convinced that, as the State asserts, the second prong of our Henrickson *80 holding is likewise met. If this court were to reject the foregoing argument that Albrecht's incarceration at the time of the petition's filing was for the 1992 offense and were to take the narrower view that the incarceration was for the community placement violation and nothing more, this court would have to explain why Albrecht's incarceration for the community placement violation was not, as Henrickson requires in the alternative, "incarcerat[ion] ... for an act that would itself qualify as a recent overt act." 140 Wash.2d at 695, 2 P.3d 473 (citation omitted).
Albrecht's violation of his community placement conditions resulted in his being jailed for an act that would meet the requirement of a "recent overt act." The term "[r]ecent overt act" was defined at the time the State filed its petition as "any act that has either caused harm of a sexually violent nature or creates a reasonable apprehension of such harm."[1] Among the conditions of community placement included in Albrecht's 1992 sentencing order was the directive, "You shall not have direct or indirect contact with ... minor children." Clerk's Papers (CP) at 193. Albrecht did not contest the State's allegation that in Tacoma on August 20, 1996, he violated the terms of his community placement by offering two boys $.50 to follow him.[2] Because the purpose of the community placement conditions was to protect minor children from Albrecht and because those conditions were imposed in light of Albrecht's 30-year history of grooming children and sexually assaulting them, the reasonable inference is that his violation of a directive forbidding contact with minor children would constitute a "recent overt act" an act that would "create[] a reasonable apprehension" that he would commit a sexually violent offense against such children. Consequently, I agree with the State's argument that Albrecht's incarceration for the community placement violation satisfied the second option set forth in our Henrickson holding: that a recent overt act need not be alleged if, at the time of the petition's filing, the defendant "is incarcerated ... for an act that would itself qualify as a recent overt act." 140 Wash.2d at 695, 2 P.3d 473 (citation omitted).
In sum, under our clearly worded holding in Henrickson, based as it was on statutory and due process requirements, Albrecht's incarceration at the time the State filed its sexual predator petition eliminated any requirement that the State allege in its petition a recent overt act. Where the majority opinion leaves our holding in Henrickson is not at all clear. At the outset, the majority states, "We conclude that after a person has been released into the community, due process would be subverted by failing to require proof of a recent overt act." Majority at 74. This statement certainly suggests that the majority is overruling Henrickson, since in that case this court concluded that Henrickson, who had been free on bond for three years while his appeal was pending, had not been deprived of due process when the State's commitment petition went forward without proof of a recent overt act. Likewise contradictory is the majority's statement that it declines "to extend Henrickson to hold that when an offender is released into the community and is later totally incarcerated, no proof of a recent overt act is required." Id. at 10, 2 P.3d 473. Such a holding would be no extension of Henrickson at all. Henrickson was convicted, was free for three years, and was ultimately incarcerated; the commitment petition was filed while Henrickson was incarcerated, and this court concluded that the State was not required to prove a *81 recent overt act. Thus, this court held in Henrickson just what the majority in the present case has mischaracterized as an "extension" of Henrickson and has declined to adopt.
I would adhere to our holding in Henrickson and, therefore, would reverse the Court of Appeals and reinstate the trial court's order permitting the State to amend its sexual predator petition.
BRIDGE and IRELAND, JJ., concur.
NOTES
[1] See former RCW 71.09.020(6) (1995).
[2] From February 3, 1993 (the date of sentencing) to July 22, 1996 totals 3 years and 24 weeks; 197 days totals 28 weeks, which when added to the time served totals 4 years.
[3] Judgment and Sentence (Felony)Appendix G: Conditions of Community Placement, Clerk's Papers (CP) at 193-94
[4] "`Sexually violent predator' means any person who has been convicted of or charged with a crime of sexual violence and who suffers from a mental abnormality or personality disorder which makes the person likely to engage in predatory acts of sexual violence if not confined in a secure facility." Former RCW 71.09.020(1) (1995).
[5] Motion and Order Determining Existence of Probable Cause and Directing Issuance of an Arrest Warrant for Respondent's Custodial Detention, CP at 19-20.
[6] See Motion and Order Affirming the Existence of Probable Cause and Directing the Custodial Detention and Evaluation of Respondent, CP at 22-23.
[7] "If the probable cause determination is made, the judge shall direct that the person be transferred to an appropriate facility for an evaluation as to whether the person is a sexually violent predator ... In no event shall the person be released from confinement prior to trial." Former RCW 71.09.040(4) (1995).
[8] The United States Supreme Court has consistently used the term "mentally ill" interchangeably with the term "mentally disordered." Young, 122 Wash.2d at 27 n. 3, 857 P.2d 989.
[9] The requirement of a recent overt act as evidence of dangerousness was first introduced in the context of the involuntary commitment statute, chapter 71.05 RCW. In re Harris, 98 Wash.2d 276, 284-85, 654 P.2d 109 (1982).
[10] Henrickson's case was consolidated with that of Michael Halgren. After Henrickson's conviction in 1990, he appealed and the court permitted Henrickson to remain free on bond for three years during the pendency of the appeal. Similarly, Halgren had been released into the community for three months pending sentencing. Henrickson is distinguishable from Albrecht, because both Henrickson and Halgren were released into the community before their convictions were finalized, whereas Albrecht was released after completion of his sentence of incarceration.
[11] The dissent reads our opinion to cast doubt on the continued validity of Henrickson. We respectfully disagree. Henrickson remains good law. Our opinion speaks only to the limited situation where the State files a sexual predator petition on an offender (1) who has been released from confinement (2) but is incarcerated the day the petition is filed (3) on a charge that does not constitute a recent overt act. Henrickson is not implicated.
[1] Former RCW 71.09.020(5) (1995). The statute has since been amended to clarify the applicable standard for assessing the reasonableness of the apprehension of harm: "`Recent overt act' means any act or threat that has either caused harm of a sexually violent nature or creates a reasonable apprehension of such harm in the mind of an objective person who knows of the history and mental condition of the person engaging in the act." RCW 71.09.020(6) (2001) (emphasis added).
[2] The State's sexual predator petition alleged that Albrecht had "[o]ffer[ed] a 13 year old boy 50 cents to follow the Respondent and [had] attempt[ed] to grasp the arm of the boy when the boy retreated." CP at 1.