[No. 21008-1-III.    Division Three.    June 17, 2003.]

THE STATE OF WASHINGTON, *Respondent*, v. DEAN EDWARD
WOODS, *Appellant*.

*Stephanie C. Cunningham*, for appellant.

*Ronald S. Zirkle, Prosecuting Attorney*, and *Lauri M.
Boyd, Deputy*, for respondent.

KATO, J. — Dean Edward Woods appeals his convictions for first degree rape of a child. He contends the trial court abused its discretion by excluding the results of a psychosexual evaluation. We affirm.

Mr. Woods was charged with first degree rape of his 11-year-old niece and his 10-year-old stepson. In a bench trial, Mr. Woods offered the testimony of a psychologist, Dr. Douglas Allmon, and the results of a psychosexual evaluation Dr. Allmon conducted on Mr. Woods. In an offer of proof, Dr. Allmon stated he is an assistant professor at the University of Washington and a certified sex offender treatment provider. He stated he had completed about 2000 psychosexual evaluations.

Dr. Allmon conducted 11 different tests on Mr. Woods. He said Mr. Woods was "remarkably honest and frank about stating what was going on." Report of Proceedings (Oct. 24, 2001) (RP) at 366. Dr. Allmon found Mr. Woods to be normal with "no indication of sexual impulsivity" and no predisposition to sexual attraction to children. RP at 369.

The court excluded Dr. Allmon's testimony and his written evaluation:

> The question is whether the results of those tests which may or may not [show] a predisposition to any particular behavior are probative of the question of innocence or guilt, do they tend to prove that this gentleman committed these two offenses or that he did not.
>
> And based upon what I've heard here, I'd have to conclude that they were not probative on this issue. I find the testimony very fascinating, very instructive, but not probative on the issue before the court. So for that reason I will not consider the

testimony or the conclusions as evidence offered by either party.

RP at 400.

The court later entered findings supporting its conclusions that Mr. Woods was guilty of raping both children.

██ ██ The sole issue on appeal is whether the court abused its discretion by excluding Dr. Allmon's testimony and the written psychosexual evaluation. A trial court's ruling on admissibility of evidence is reviewed for abuse of discretion. *State v. Griswold*, 98 Wn. App. 817, 823, 991 P.2d 657 (2000). Evidence of a person's character generally is inadmissible, but a criminal defendant may present evidence of a "pertinent trait of character." ER 404(a)(1). We have held that "sexual morality" is a pertinent character trait in cases involving sexual offenses. *Griswold*, 98 Wn. App. at 829. The trial court thus incorrectly held that evidence of Mr. Woods' lack of sexual impulsivity and predisposition to pedophilia was irrelevant.

██ However, we may affirm a trial court's decision on any ground supported by the record. *State v. Michielli*, 132 Wn.2d 229, 242, 937 P.2d 587 (1997). In Washington, opinion evidence is not admissible as proof of character. *State v. Kelly*, 102 Wn.2d 188, 195, 685 P.2d 564 (1984); *see* ER 405(a) cmt. Under this rule, Dr. Allmon's testimony and his written evaluation (both of which contained his opinions regarding Mr. Woods' sexual character) were inadmissible as proof of Mr. Woods' "sexual morality."[1]

---

[1] Although this result is required by Washington's rules of evidence, we find it especially harsh in this context. Under ER 405, a defendant is permitted to present evidence regarding his "reputation ... in the community" for the pertinent character trait. *Kelly*, 102 Wn.2d at 194. But when the pertinent trait involves sexual behavior, a person's reputation in the community may be at odds with his actual character. *See State v. Jackson*, 46 Wn. App. 360, 365, 730 P.2d 1361 (1986) ("One's reputation for sexual activity, or lack thereof, may have no correlation to one's actual sexual conduct."). The result is that a vague or inaccurate statement of one's reputation in the community may be admitted, but an expert's evaluation may not. This is true even though Washington's courts rely on psychosexual evaluations in other contexts. *See, e.g.*, RCW 9.94A.670(3) (authorizing evaluations to determine offenders' amenability to treatment under Special Sexual Offender Sentencing Alternative); *In re Marriage of Ricketts*, 111 Wn. App. 168, 43 P.3d 1258 (2002) (in child custody dispute, father may be

In light of Washington's rule that opinion evidence is not admissible as proof of character, the trial court properly excluded Dr. Allmon's opinions here. The convictions are affirmed.

BROWN, C.J., and SWEENEY, J., concur.

Reconsideration denied August 1, 2003.

required to undergo psychosexual evaluation, including penile plethysmograph, if he has history of sexual offenses).