122 P.3d 939 (2005)
STATE of Washington, Respondent,
v.
Eric Albert WATSON, Appellant.
No. 32332-0-II.
Court of Appeals of Washington, Division 2.
November 15, 2005.
*940 Alicia Marie Burton, Pierce County Prosecutors Office, Tacoma, WA, for Respondent.
Rebecca Wold Bouchey, Attorney at Law, Mercer Island, WA, for Appellant.
VAN DEREN, A.C.J.
¶ 1 Eric Albert Watson challenges his conviction for failure to register as a sex offender, arguing that the registration statute, RCW 9A.44.130(4)(a)(i), is unconstitutionally vague because it fails to advise registrants that they must register after release from confinement for probation violations regardless of whether their registration information changed since their initial registration upon release into probationary status. We affirm.

FACTS
¶ 2 Watson was required to register as a sex offender under RCW 9A.44.130. Upon his release from prison into probationary status in January 2003, he complied with the registration requirements, reporting his address as 7807 304th St. E, Graham, Washington.
¶ 3 On May 27, 2003, Watson was found guilty of three probation violations related to his prior sex offense. The court modified his sentence, requiring him to serve an additional 60 days in the Pierce County Jail. Watson was released from the jail on July 2, 2003, and returned to his prior residence, but he did not register with the Pierce County Sheriff's Department within 24 hours of his release. On January 14, 2004, the State charged him with failure to register as a sex offender.
¶ 4 Watson moved for dismissal, arguing that the registration statute did not require him to re-register after release from custody on probation violations unless he was not returning to his previously registered address. The trial court denied the motion, and the case proceeded to a bench trial on stipulated facts.
¶ 5 The trial court found Watson guilty, concluding that (1) he had been in custody as a result of a sex offense and therefore had a duty to register within 24 hours of release from jail under RCW 9A.44.130(4)(a)(i); and (2) he failed to comply with the registration requirements. The court sentenced Watson to 30 days confinement and imposed community custody requirements.
¶ 6 Watson appeals, arguing that the registration statute is ambiguous and unconstitutionally vague as applied.

*941 DISCUSSION
¶ 7 Watson argues that RCW 9A.44.130(4)(a)(i) is void for vagueness under the due process clause of the Fourteenth Amendment because it fails to "define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is proscribed."[1]Spokane v. Douglass, 115 Wash.2d 171, 178, 795 P.2d 693 (1990). Because we presume statutes are constitutional, Watson has the burden of proving the statute is unconstitutional beyond a reasonable doubt. State v. Smith, 111 Wash.2d 1, 5, 759 P.2d 372 (1988).
¶ 8 But the fact that some terms in a statute are not defined does not necessarily mean the statute is void for vagueness. Douglass, 115 Wash.2d at 180, 795 P.2d 693. Impossible standards of specificity are not required, and a statute "is not unconstitutionally vague merely because a person cannot predict with complete certainty the exact point at which his actions would be classified as prohibited conduct." City of Seattle v. Eze, 111 Wash.2d 22, 27, 759 P.2d 366 (1988).
¶ 9 RCW 9A.44.130(4)(a) provides in part:
Offenders shall register with the county sheriff within the following deadlines. For purposes of this section the term "conviction" refers to adult convictions and juvenile adjudications for sex offenses or kidnapping offenses:
(i) OFFENDERS IN CUSTODY. (A) Sex offenders who committed a sex offense on, before, or after February 28, 1990, and who, on or after July 28, 1991, are in custody, as a result of that offense, of the state department of corrections, the state department of social and health services, a local division of youth services, or a local jail or juvenile detention facility ... must register at the time of release from custody with an official designated by the agency that has jurisdiction over the offender.
(Emphasis added). Watson argues that the phrase "in custody, as a result of that offense," fails to advise registrants that they are required to re-register upon release from custody based on probation violations regardless of whether they previously registered and were planning to return to the same address. RCW 9A.44.130(4)(a)(i). We disagree.
¶ 10 Confinement on the basis of probation violations is a continuing consequence of the original prosecution rather than part of a new prosecution. See State v. Prado, 86 Wash.App. 573, 577-78, 937 P.2d 636 (1997) (citing State v. Dupard, 93 Wash.2d 268, 276, 609 P.2d 961 (1980)); Standlee v. Smith, 83 Wash.2d 405, 407, 518 P.2d 721 (1974); see also United States v. Soto-Olivas, 44 F.3d 788, 792 (9th Cir.1995) (revocation of defendant's supervised release did not violate the double jeopardy clause because such punishment is part of the sanction for the original offense). Although probation status may determine the degree of restraint, the restraint is still a result of the original offense. Furthermore, nothing in the statute suggests that a prior registration exempts a registrant from later registration requirements as long as the registrant is returning to the same address. A reasonable person would understand that later restraint based on probation violations was a continuing consequence of the original offense, and the statute is not unconstitutionally vague. For the same reasons we also reject Watson's apparent attempt to argue that the rule of lenity should apply because the statute is ambiguous.
¶ 11 In addition, we do not agree with Watson's assertion that there is no reason to require re-registration when a registrant is returning to a previously registered address. One purpose of the registration statute is to keep law enforcement advised of where sex offenders are living, see State v. Heiskell, 129 Wash.2d 113, 117, 916 P.2d 366 (1996) (legislative purpose behind sex offender registration is to assist law enforcement agencies' protection efforts), and there are undoubtedly many situations where sex offenders who have been returned to confinement after their initial release do not or cannot return to their previously registered address. By requiring mandatory re-registration each time *942 a sex offender is released from any custody based on the original conviction, the statute ensures that the registrant's information is current and accurate.[2]
¶ 12 Accordingly, we affirm.
We concur: HUNT and PENOYAR, JJ.
NOTES
[1] Watson does not argue that the statute is void for vagueness because it fails to "provide ascertainable standards of guilt to protect against arbitrary enforcement." Spokane v. Douglass, 115 Wash.2d 171, 178, 795 P.2d 693 (1990).
[2] We note that there was no evidence that Watson's failure to re-register evinced the intent to violate the statute or conceal his residence from authorities, as he was returning to his already-registered address. It is within the legislative province to choose to provide specific registration provisions for sex offenders with stable addresses, but it is reasonable for authorities to require confirmation of a registered sex offender's address upon release from custody for any violation of conditions relating to the crime, whether it is called re-registration or something else.