[No. 18812-4-III.   Division Three.   January 4, 2007.]

*In the Matter of the Detention of* HERMAN ROSS PASCHKE, *Petitioner.*

518

*Cynthia A. Jordan*, for petitioner.

*Robert M. McKenna, Attorney General*, and *Sarah B. Sappington, Assistant*, for respondent.

¶1 BROWN, J. — We previously held that proof of a recent overt act was not required under the unique facts of Herman Paschke's case. *In re Det. of Paschke*, 121 Wn. App. 614, 624, 90 P.3d 74 (2004). Our Supreme Court granted review and remanded back to this court for reconsideration in light of *In re Detention of Marshall*, 156 Wn.2d 150, 125 P.3d 111 (2005). We adhere to our prior holding and affirm.

## FACTS

¶2 Since 1961, Mr. Paschke has shown a steady and frequent history of sexual improprieties when not incarcerated. This history included the rape of his 77-year-old grandmother when he was 15 years old. In 1972, Mr. Paschke was convicted of abduction and one count of carnal knowledge related to 12-year-old and 15-year-old sex-crime victims. In 1979, he was convicted of a second degree rape that occurred a short time after he was paroled from his 1972 convictions. In 1987, shortly after his parole release, Mr. Paschke reportedly engaged in rape behavior with his wife. In 1989, while still on parole, he made numerous sexually obscene telephone calls over approximately a 10-day period to E.C., partly telling her he knew where she lived and

repeatedly threatening to rape her. Based on the E.C. incident, the State revoked Mr. Paschke's parole, returning him to prison to serve the remaining five years of his 1979 sentence.

¶3 Mr. Paschke's 1979 sentence was set to expire on April 8, 1994, but on April 6, the State petitioned to have him civilly committed as a sexually violent predator (SVP). Mr. Paschke moved to have the State prove he committed an "overt act." The trial court denied his motion because he "ha[d] been continuously in custody since before the petition was filed." Report of Proceedings (RP) at 63.

¶4 Dr. Les Rawlings, a psychologist, testified Mr. Paschke suffered from a mental abnormality known as "[r]ape, paraphilia not otherwise specified rape," which is commonly described as abnormal sexual behavior. *Id.* at 734. The jury heard evidence that Mr. Paschke "ha[d] a substantial history of paraphiliac or abnormal sexual behavior [that] date[d] back to when he was roughly age seven or eight." *Id.* at 736-37. This behavior included peeping, making obscene phone calls, and committing numerous incidents of sexual assault and rape since approximately 1961. Dr. Rawlings testified that treatment records showed Mr. Paschke "acknowledged . . . experiencing sexual arousal to thoughts of violence, masturbating to thoughts of violence, [and] masturbating to thoughts of rape." *Id.* at 744. Dr. Rawlings testified Mr. Paschke was "more likely than not to reoffend." *Id.* at 782.

¶5 Mr. Paschke acknowledged his recurrent rape cycle and characterized his behavior in making the telephonic rape threats in 1989 as a "relapse." *Id.* at 1221. He acknowledged needing counseling "[b]ecause I will always have that potential to possibly reoffend." *Id.* at 1209.

¶6 In 1999, a jury considered Mr. Paschke's history, including his conduct during his parole releases, and found he was an SVP. Mr. Paschke appealed, contending the trial court erred in failing to require the State to prove he committed a recent overt act. *Paschke*, 121 Wn. App. at 620. This court determined "the sole reasonable

inference drawn from the record indicates Mr. Paschke's 1989 parole revocation was tied to an overt act . . . ." *Id.* at 623. However, this court held in any event that the "recent overt act" requirement did not apply because of the unique case circumstances. *Id.* at 624. Mr. Paschke's case was accepted for review by our Supreme Court and then remanded back to this court for reconsideration in light of *Marshall*, 156 Wn.2d 150. *In re Det. of Paschke*, 156 Wn.2d 1030, 131 P.3d 905 (2006).

## ANALYSIS

¶7 The issue is whether, in light of *Marshall*, the trial court erred in failing to require the State to prove Mr. Paschke committed a recent overt act. Mr. Paschke contends the State was required to prove a recent overt act to satisfy a due process requirement. *In re Det. of Albrecht*, 147 Wn.2d 1, 51 P.3d 73 (2002).

¶8 We review questions of law de novo. *State v. Linton*, 156 Wn.2d 777, 783, 132 P.3d 127 (2006). We may affirm a trial court's decision on any ground supported by the record. *State v. Woods*, 117 Wn. App. 278, 280, 70 P.3d 976 (2003).

¶9 The State may petition to have an individual committed as an SVP where the individual has been convicted of a sexually violent offense and is about to be released from total confinement. *Marshall*, 156 Wn.2d at 156-57. The State is generally not required to prove the individual committed a recent overt act where the individual is incarcerated on the day the petition is filed for a sexually violent act or for an act that qualifies as a recent overt act. *Id.* at 157.

¶10 The basis for an individual's incarceration is a matter for the trial court, not a jury. *Id.* at 158. The trial court must either determine "from the materials relating to the individual's conviction" whether the individual is incarcerated for a sexually violent act, or it must apply a two-step analysis to determine whether the individual is

incarcerated for a recent overt act. *Id.* The two-step analysis includes a factual inquiry "into the . . . circumstances of the individual's history and mental condition" and "a legal inquiry . . . as to whether an objective person knowing the factual circumstances of the individual's history and mental condition would have a reasonable apprehension that the individual's act would cause harm of a sexually violent nature." *Id.* Both approaches are satisfied under this record.

¶11 Here, in a pretrial hearing, the trial court decided from the record of materials relating to Mr. Paschke's conviction that he was incarcerated for a sexually violent act, the 1979 conviction. The court reasoned the case law "stands for the proposition that a recent overt act is not necessary when the person has been under circumstances where they have either been in custody or so tightly supervised that they would have had little opportunity to be able to commit a recent overt act. And certainly in this case Mr. Paschke has been continuously in custody since before the petition was filed." RP at 62-63. Although Mr. Paschke was released on parole in 1987, we agree with the trial court's reasoning because Mr. Paschke was continuously incarcerated since 1989 when his parole was revoked due to the E.C. incident.

¶12 Under the analysis announced in *Marshall*, Mr. Paschke was incarcerated for a sexually violent act. *Marshall*, 156 Wn.2d at 158. He was serving the remainder of his original sentence. *Id.* The *Marshall* court indicates that a due process concern arises where an offender has been released from *total confinement*, before reincarceration, requiring proof of a recent overt act. *Marshall*, 156 Wn.2d at 159; *Albrecht*, 147 Wn.2d at 10; *In re Det. of Broten*, 115 Wn. App. 252, 256, 62 P.3d 514 (2003). "Total confinement" means "confinement inside the physical boundaries of a facility or institution operated or utilized under contract by the state or any other unit of government for twenty-four hours a day." Former RCW 9.94A.030(33) (1994).

¶13 Ordinarily, once an individual has been released into the community since his last conviction, it must be shown that he is still dangerous, i.e., that he committed a recent overt act. *Albrecht*, 147 Wn.2d at 9-10. But this showing is not required if the individual has been "continuously incarcerated since conviction" since it would "create an impossible burden for the State to meet." *Id.* at 9. As noted in our prior decision, we have "unique" facts. *Paschke*, 121 Wn. App. at 624. While Mr. Paschke had been released on parole in 1987, neither his prior release nor his return to prison was recent in relation to when the SVP petition was filed, being seven and four years respectively. *Id.*

¶14 As demonstrated by Mr. Paschke's December 1978 parole from the 1972 conviction, he raped again in June 1979, resulting in his most recent conviction. When paroled for the 1979 conviction, Mr. Paschke admitted his conduct with E.C. amounted to a "relapse." RP at 1221. This remark can solely be interpreted as an admission of continued dangerousness equivalent to a recent overt act that satisfies the *Albrecht* requirements. *Albrecht*, 147 Wn.2d at 9-10.

¶15 Moreover, even if we did not consider Mr. Paschke's incarceration continuous, the record additionally supports the trial court's conclusion that the State was not required to prove the matter to a jury. The jury considered the evidence of Mr. Paschke's rape behavior toward his wife when released on parole in 1987 and his rape threats to E.C. in 1989. Mr. Paschke's parole in the 1979 case was revoked because of the E.C. incident. Since Mr. Paschke admittedly made numerous sexually obscene telephone calls to E.C., partly telling her he knew where she lived and repeatedly threatening to rape her, an overt act existed under the two step *Marshall* analysis. He admitted that his acts in making the 1989 phone calls to E.C. were a "relapse" and that he "w[ould] always have that potential to possibly reoffend." RP at 1221, 1209.

¶16 Based on the foregoing, "an objective person knowing the factual circumstances of [Mr. Paschke's] history and mental condition would have a reasonable apprehension

that [his] act[s] [in making the obscene phone calls (in 1989)] would cause harm of a sexually violent nature." *Marshall*, 156 Wn.2d at 158. While the reason for an incarceration can be determined by a trial court when deciding whether a recent overt act underlies reincarceration, considering this record, the same issue was tried to Mr. Paschke's jury.

¶17 Affirmed.

SWEENEY, C.J., and KULIK, J., concur.