**FILED**
**MAY 21, 2019**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 35830-5-III |
| | ) | (consolidated with |
| Respondent, | ) | No. 35831-3-III) |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| JON PAUL SAUNDERS, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, C.J. — Jon Saunders appeals the revocation of his two concurrent prison-based drug offender sentencing alternative (DOSA) sentences. He argues the trial court lacked authority to revoke the DOSA sentences because his sentence violations occurred when he was serving community custody on a third matter, not the DOSA matters. The State responds that Mr. Saunders did not raise this argument at the revocation hearing and has, therefore, waived it. We disagree, but remand for the trial court to review the record and enter findings that will be dispositive of these issues.

No. 35830-5-III; No. 35831-3-III
*State v. Saunders*


FACTS

*Community custody prior to DOSA sentences*

Prior to beginning his DOSA sentences, Mr. Saunders was on community custody

for a March 24, 2014 conviction for possession of a controlled substance.  In the

March 24 matter, the court sentenced Mr. Saunders to 30 days of jail with credit for 19

days served and 12 months of community custody.

*DOSA sentences*

On October 20, 2014, Mr. Saunders was sentenced to two concurrent prison-based

DOSA sentences—cause no. 14-1-00168-9 and cause no. 14-1-00183-2.[1]  Cause no. 14-

1-00168-9 included the crimes of second degree burglary and disorderly conduct, and

cause no. 14-1-00183-2 included the crimes of forgery and second degree escape.  As

required by statute, the court ordered a prison-based DOSA sentence at the midpoint of

the standard range of 19 months' incarceration, followed by 19 months of community

custody.  The prison term was set to commence on October 20, 2014.

---

[1] Clerk's Papers (CP) at 188-98 (Judgment and Sentence (Felony), *State v. Saunders*, No. 14-1-00183-2 (Walla Walla County Super. Ct., Wash. Oct. 20, 2014)); CP at 56-57 (Ord. Amending Judgment and Sentence, *State v. Saunders*, No. 14-1-00168-9 (Walla Walla County Super. Ct., Wash. Dec. 2, 2014)); CP at 103-12 (Am. Judgment and Sentence (Felony), *State v. Saunders*, No. 14-1-00168-9 (Walla Walla County Super. Ct., Wash. Oct. 30, 2017))

2

Mr. Saunders was released from prison around September 4, 2015. Soon after his release, Mr. Saunders committed violations of his community custody conditions. Mr. Saunders signed a stipulated agreement of violation that he consumed methamphetamine and alcohol on or about October 7, 2015. On December 7, 2015, Serenity Point Counseling notified the Department of Corrections (DOC) that Mr. Saunders had failed to engage in drug treatment services. On December 30, 2015, Mr. Saunders's random urinalysis color appeared, meaning he was required to provide a urine sample. He failed to do so. Between December 30, 2015, and January 4, 2016, Mr. Saunders failed to report to his probation officer, which was a violation of his community custody.

*Absconding to Texas*

Mr. Saunders thereafter absconded to Texas. Mr. Saunders acknowledged in a letter to the court mailed February 21, 2017, that he had not had contact with his community corrections officer since December 2015. While in Texas, Mr. Saunders committed various crimes including theft of property, criminal trespass, and evading arrest. The State extradited Mr. Saunders back to Washington from Texas, and Mr. Saunders returned in or around September 2017. Accordingly, Mr. Saunders absconded from probation from December 2015 to September 2017, a period of one year and nine months.

On returning to Washington, Mr. Saunders assaulted another inmate and used methamphetamine when he was released from custody.

*Mr. Saunders admits to the violations*

Mr. Saunders admitted that he violated the terms of community custody by absconding to Texas. He then stipulated to the violations as alleged in the most current notice of violation. The court revoked his concurrent prison-based DOSA sentences. The court ordered that he return to prison for 19 months on his concurrent sentences with credit for time served as determined by the DOC.

Mr. Saunders appeals the revocation of his concurrent DOSA sentences.

ANALYSIS

The superior court has discretion to revoke a defendant's DOSA sentence if violations are found by a preponderance of the evidence. *In re Pers. Restraint of McKay*, 127 Wn. App. 165, 168-69, 110 P.3d 856 (2005); RCW 9.94A.660(7)(c). A trial court abuses its discretion when its decision is "'manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons.'" *State v. McCormick*, 166 Wn.2d 689, 706, 213 P.3d 32 (2009) (quoting *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971)).

    A.     REVOCATION OF PRISON-BASED DOSA

Mr. Saunders argues the trial court lacked authority to revoke his concurrent

DOSA sentences because his sentence violations occurred when he was subject only to

his March 24, 2014 community custody conditions. On appeal, he asserts that the one-

year community custody term for the March 24 conviction was tolled while he was in

prison and while he was absconding. Citing RCW 9.94A.589(2)(a) and (b), he further

asserts that his DOSA sentencing conditions did not commence until *after* he completed

his community custody term for his March 24 conviction. He did not raise these

arguments to the trial court at the DOSA revocation hearing. The State argues Mr.

Saunders may not raise this argument for the first time on appeal.

Generally, we will not consider a claim of error for the first time on appeal unless

it is a manifest error affecting a constitutional right. RAP 2.5(a)(3). Failure to raise the

error with the trial court deprives the court of the opportunity to prevent or cure the error.

*State v. Kirkman*, 159 Wn.2d 918, 935, 155 P.3d 125 (2007). Mr. Saunders does not

claim that this error was a manifest error affecting a constitutional right. Instead, he

argues that erroneous or illegal sentences may be challenged for the first time on appeal.

A sentence may be challenged for the first time on appeal when the sentencing

court acts without statutory authority. *State v. Paine*, 69 Wn. App. 873, 884, 850 P.2d

1369 (1993). The superior court has discretion to revoke an offender's DOSA sentence if violations are found by a preponderance of the evidence. *McKay*, 127 Wn. App. at 168-69; RCW 9.94A.660(7)(c). "The court may order the offender to serve a term of total confinement within the standard range of the offender's current offense at any time during the period of community custody if the offender violates the conditions or requirements of the sentence or if the offender is failing to make satisfactory progress in treatment." RCW 9.94A.660(7)(c). If Mr. Saunders's sentence violations occurred when he was not subject to the conditions of his DOSA sentences, the trial court lacked statutory authority to revoke those sentences.

Mr. Saunders argues that the record is sufficiently developed for this court to determine whether he was under the restrictions of his DOSA sentences at the time of his sentence violations. We disagree. We note that the parties are in substantial disagreement about what the record shows. We, therefore, remand this matter for a new revocation hearing so that the trial court can enter findings to support or refute Mr. Saunders's arguments.[2]

---

[2] The record suggests that Mr. Saunders may have served his full sentence by now. If so, the parties may agree that a new DOSA revocation hearing is unnecessary.

B.     SHERIFF FEES AND COSTS OF EXTRADITION

Mr. Saunders challenges the sheriff fees ($164.10) from cause no. 14-1-00168-9

and the sheriff fees ($164.10) and extradition costs ($2,071.67) from cause no. 14-1-

00183-2.  He argues that these fees are discretionary and the court failed to consider Mr.

Saunders's present or future ability to pay as required by *State v. Blazina*, 182 Wn.2d 827,

834-35, 344 P.3d 680 (2015).  The State argues that the DOSA revocation hearing was

not a full resentencing and did not trigger a review of the fees imposed in 2014.

In his reply brief, Mr. Saunders claims that because this is a direct appeal from the

DOSA revocation, Mr. Saunders is not precluded from challenging the discretionary fees.

The authority cited by the State that Mr. Saunders is precluded from challenging the fees,

RCW 10.73.090, relates to collateral attacks.  We agree with Mr. Saunders that he may

challenge these fees on direct appeal.

We instruct the trial court to strike the sheriff fees of $164.10 for cause no.

14-1-00168-9, and the sheriff fees of $164.10 and extradition costs of $2,071.67 for cause

no. 14-1-00183-2.

7

C.     APPELLATE COSTS

Mr. Saunders ask this court not to award appellate costs should the State

substantially prevail. The State concedes that it will not seek appellate costs. We accept

the State's concession and decline to award appellate costs.

D.     STATEMENT OF ADDITIONAL GROUNDS FOR REVIEW (SAG)

Mr. Saunders filed two SAGs under RAP 10.10. The two SAGs raise the same

argument, but the first SAG contains greater detail.

Mr. Saunders claims he received DOC sanctions as a result of his various

community custody violations. He claims that these sanctions preclude the trial court

from revoking his concurrent DOSA sentences because a court cannot punish him twice

for the same criminal offenses. We disagree.

The double jeopardy clauses of the Fifth Amendment to the United States

Constitution and article I, section 9 of the Washington Constitution protect individuals

from being prosecuted twice for the same offense after acquittal. *State v. Benn*, 161

Wn.2d 256, 261, 165 P.3d 1232 (2007). First, Mr. Saunders was never acquitted of the

various community custody violations. Second, increased punishment for violating the

terms of an original sentence is deemed a sanction arising from the original prosecution,

not a second prosecution. *State v. Prado*, 86 Wn. App. 573, 577-78, 937 P.2d 636 (1997).

8

Mr. Saunders also claims he never failed a urinalysis in December 2015 and further claims he could not have assaulted another inmate at a detention facility in Olympia, Washington, because he has never been to jail or prison there. He asks this court to review his DOC history, which is not part of the record. Issues that involve facts or evidence not in the record are properly raised through a personal restraint petition, not a statement of additional grounds for review. *State v. Alvarado*, 164 Wn.2d 556, 569, 192 P.3d 345 (2008). Accordingly, we reject the arguments raised in Mr. Saunders's SAGs.

Remand with instructions consistent with this opinion.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Lawrence-Berrey, C.J.

WE CONCUR:

Fearing, J.

Pennell, J.

9