IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Detention of:<br><br>G.A. | No. 83859-8-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

HAZELRIGG, A.C.J. — G.A. asserts the court considered improper hearsay and challenges the sufficiency of its findings after a hearing on a 14-day petition for involuntary treatment. The court found three distinct statutory bases supported its order to commit G.A. for 14 days of treatment but G.A. assigns error to only two of those bases. Because G.A. does not dispute the ultimate conclusion of the court as to involuntary treatment and the unchallenged statutory basis independently supports the order on commitment, he has failed to demonstrate that reversal is required and we affirm.

FACTS

In March 2022, a King County designated crisis responder filed a petition for the initial detention of G.A. pursuant to the involuntary treatment act (ITA).[1] G.A. was detained, evaluated at Fairfax Hospital (Fairfax) and, on March 9, Fairfax filed a petition for 14 additional days of involuntary treatment. The petition was completed by professional staff at Fairfax and alleged that G.A. was suffering from a mental health disorder that had substantial adverse effects on his cognitive or volitional functions and resulted in a likelihood of serious physical harm to others and to their property, as well as grave disability as to both statutory prongs a and b under the ITA. The allegation was based on G.A.'s history, the events leading to his hospitalization, and symptoms observed when he was treated at Fairfax.

Roughly a week later, the probable cause hearing on the petition was conducted over the course of two days. The State presented testimony from G.A.'s roommate, his mother, a Seattle Police Department (SPD) officer who responded to an incident involving G.A. prior to hospitalization, and one of the Fairfax providers. During the proceedings, the State abandoned prong a of the grave disability basis for detention. At the conclusion of the hearing, the court found sufficient evidence to detain G.A. for 14 days of involuntary treatment, based on a likelihood of serious harm to others and to their property and of grave disability under prong b of the relevant statute[2] within the ITA.

G.A. timely appealed.

---

[1] Ch. 71.05 RCW.
[2] RCW 71.05.020(24)(b).

ANALYSIS

G.A. avers that his right to due process was violated because there was insufficient evidence to support a finding that, as a result of a mental disorder, he was gravely disabled under prong b of the statute and that he presented a likelihood of serious harm to others. Critical to the procedural posture of this appeal, however, G.A. does not assign error to the court's ultimate conclusion that involuntary treatment was proper on the other statutory basis for the court's ruling on commitment, or challenge the sufficiency of evidence underlying that finding: that he posed a likelihood of serious harm to the property of others. Likelihood of serious harm to the property of others is an independently sufficient basis to support a commitment for involuntary treatment. See RCW 71.05.240(4)(a); see also RCW 71.05.020(36)(a)(iii). Unchallenged findings are verities on appeal. In re Det. of W.C.C., 193 Wn. App. 783, 793 n.5, 372 P.3d 179 (2016). Further, we may affirm on any basis supported by the record. In re Det. of Paschke, 136 Wn. App. 517, 521, 150 P.3d 586 (2007). In the absence of an assignment of error to the alternate statutory basis for commitment, prevailing on the sufficiency challenges to the two other bases would not result in reversal of the detention order. Accordingly, we decline to reach them.

G.A. also asserts the court improperly admitted, and relied upon, hearsay evidence by allowing the Fairfax staff member who testified to "read into the record notes, evaluations, conclusions, and opinions" of five medical professionals from Fairfax who did not testify at the hearing and that the information from his records did not fit within the business records exception to hearsay. However, the order

on commitment establishes that none of the testimony G.A. identifies as hearsay was used to support the unchallenged basis for involuntary treatment: that he presented a likelihood of serious harm to the property of others. At oral argument before this court, G.A. asserted that the inadmissible hearsay permeated the proceedings and could not be excised from the trial court's findings.[3] This argument is inconsistent with the nature of the appeal as presented, a sufficiency challenge within the framework of substantial evidence review, and case law which clearly establishes that, in the context of a bench proceeding such as this one, we presume that the judge did not consider inadmissible evidence. Matter of L.S., 23 Wn. App. 2d 672, 681, 517 P.3d 490 (2022). Further, when presented with both an assignment of error based on evidentiary rulings and a substantial evidence challenge, this panel must necessarily consider whether purportedly inadmissible evidence was used in the findings identified as erroneous and, if so, whether those findings could stand in the absence of that inadmissible evidence.

The entirety of G.A.'s hearsay argument centers on his medical records from Fairfax which were read into the record by one of the providers who signed the 14-day petition. However, the court's finding as to substantial risk of physical harm to the property of others appears to rest entirely on the testimony of the SPD officer, who the court expressly found to be credible, describing damage G.A. caused to his patrol vehicle which was sufficient to take the vehicle out of service pending repairs. Even if we were to agree with G.A. that the court erred at some

---

[3] Wash. Court of Appeals oral argument, In re Det. of G.A., No. 83859-8-I (Apr. 18, 2023), at 16 min., 40 sec., video recording by TVW, Washington State's Public Affairs Network, https://tvw.org/video/division-1-court-of-appeals-2023041251/?eventID=2023041251.

point in the proceedings with regard to the admission of hearsay, he has failed to demonstrate how the finding as to this alternate statutory basis for detention would have been impacted given the independent firsthand testimony of the officer upon which it rests.

Affirmed.

WE CONCUR:

_____
Díaz, J.

_____
Hazelrigg, ACJ

_____
Bowman, J