[No. 24168-8-III. Division Three. September 14, 2006.]

*In the Matter of the Detention of* DAVID JAMES LEWIS,
*Appellant.*

*William D. Edelblute*, for appellant.

*Robert M. McKenna, Attorney General*, and *Sarah Sappington, Assistant*, for respondent.

¶1 SCHULTHEIS, A.C.J. — David James Lewis was found to be a sexually violent predator (SVP) and was civilly committed pursuant to chapter 71.09 RCW. On appeal, Mr. Lewis claims: (1) the trial judge improperly changed the venue of his trial, (2) the State was required to allege and prove a recent overt act, and (3) there is insufficient evidence to support the jury's verdict. Finding no error, we affirm.

## FACTS

¶2 David James Lewis (also known as Roy Eaker) pleaded guilty to two counts of child molestation in the first degree in Columbia County in 1992. He was concurrently sentenced to 68 months on count 1 and 89 months on count 2. The victim was his five-year-old half sister, J.F. Although Mr. Lewis had a release date of August 5, 1999, he was not released for failure to provide an approved residence address. While he was held in the Columbia County jail, the State filed an SVP petition on August 6, 1999. Before the SVP petition went to trial, Mr. Lewis was charged with first degree rape of a child in Walla Walla County on May 24, 2000. The charge was based on acts alleged to have occurred between 1988 and 1991 against his eight-year-old half brother. *State v. Eaker*, 113 Wn. App. 111, 113, 53 P.3d 37 (2002). The SVP petition was dismissed on June 30, 2000. Mr. Lewis was found guilty on the Walla Walla County charge of first degree rape of a child on November 1, 2000. This court reversed the conviction and remanded for

a new trial in August 2002. *Id.* at 121. A new trial was set for July 14, 2003. As Mr. Lewis was awaiting retrial, the State filed an SVP petition in Columbia County on July 1, 2003. The Walla Walla County charge was dismissed on July 11, 2003.

¶3 Mr. Lewis moved to dismiss the SVP petition on September 19, 2003, because he was not " 'about to be released from total confinement' " at the time of the filing of the petition. Clerk's Papers (CP) at 23 (quoting RCW 71.09.030(1)). On October 1, the trial court denied the motion, reaffirmed its probable cause finding,[1] and ordered Mr. Lewis's commitment and evaluation.

¶4 On February 9, 2005, Mr. Lewis made a motion challenging the SVP statute for vagueness. As part of his preparation for the motion, Mr. Lewis's counsel mailed 125 questionnaires to Columbia County residents randomly selected from the telephone book. The questionnaire described facts similar to those in Mr. Lewis's case. The recipients were instructed to imagine themselves as jurors and asked to indicate whether certain statutory terms were understandable to them.

¶5 The State filed a motion on March 16, to enjoin Mr. Lewis's counsel from having further communication with prospective jurors. Mr. Lewis's attorney argued that he sent the questionnaires to develop the evidence he needed to show that the statute could not be understood by persons of common and ordinary intelligence. Upon hearing that motion, the trial judge changed the venue to Garfield County sua sponte, commenting that counsel had "just poisoned the whole jury panel [venire] in Columbia County." Report of Proceedings (RP) (Mar. 17, 2005) at 18. The judge also ordered terms for the cost of transferring the trial and indicated he would report the conduct to the bar association if the State did not. On March 25, the trial court denied the motion to dismiss for vagueness.

---

[1] The initial order determining probable cause is not a part of the record.

¶6 On April 29, a jury found that Mr. Lewis is a sexually violent predator. The judge ordered his commitment for control, care, and treatment until such time as his mental abnormality and/or personality disorder has changed and he is safe to be conditionally released to a less restrictive alternative or unconditionally discharged. Mr. Lewis appeals.[2]

## DISCUSSION

### A. Change of Venue

¶7 Commitment under the sexually violent predator statutes is a civil action. *In re Pers. Restraint of Young*, 122 Wn.2d 1, 23, 857 P.2d 989 (1993). The civil procedure statute for grounds authorizing the court to change venue provides:

The court may, on motion, in the following cases, change the place of trial when it appears by affidavit, or other satisfactory proof:

(1) That the county designated in the complaint is not the proper county; or,

(2) That there is reason to believe that an impartial trial cannot be had therein; or,

(3) That the convenience of witnesses or the ends of justice would be forwarded by the change; or,

(4) That from any cause the judge is disqualified; which disqualification exists in either of the following cases: In an action or proceeding to which he is a party, or in which he is interested; when he is related to either party by consanguinity or affinity, within the third degree; when he has been of counsel for either party in the action or proceeding.

RCW 4.12.030.

---

[2] Three weeks before the oral argument setting for this appeal, the State filed a motion on the merits. The motion did not raise any new issues or arguments. The parties ultimately waived oral argument, and the matter remained on the judicial calendar.

■■ ¶8 "[A] trial court must exercise its discretion on the issue of venue with reference (1) to whether an impartial trial can be had; (2) to the convenience of witnesses; and (3) to whether the ends of justice would be forwarded." *Russell v. Marenakos Logging Co.*, 61 Wn.2d 761, 765, 380 P.2d 744 (1963). That decision will be not be reversed absent a prima facie showing of manifest abuse of discretion. *Id.* at 765-66. Abuse of discretion is demonstrated only when it is exercised on untenable or manifestly unreasonable grounds. *Baker v. Hilton*, 64 Wn.2d 964, 966, 395 P.2d 486 (1964).

■ ¶9 A court may change venue on its own motion and has "inherent power to order a change where necessary for the proper administration of justice." *Clampitt v. Thurston County*, 98 Wn.2d 638, 648 n.7, 658 P.2d 641 (1983). The court must initiate a change of venue under some circumstances. *Id.* at 648-49.

■■ ¶10 In reaching the decision to change venue, the trial judge in this case determined that the questionnaire could have reached nearly 10 percent of the jury pool in Columbia County. The court also considered that the defense created the circumstances that required the change of venue. Because the judge ordered the defense to pay terms in the cost of transferring the trial, we are persuaded that the court was simply requiring Mr. Lewis's counsel to correct the situation rather than waste the judicial time and resources to vet a jury pool that the defense tainted. Judicial economy is an appropriate consideration under RCW 4.12.030. *Id.* at 647. The court did not abuse its discretion by changing the venue for the trial.

## B. Proof of Recent Overt Act

¶11 The SVP statutes distinguish between persons in custody for a sexually violent offense and those who are released on the date an SVP petition is filed when identifying the facts the State must allege and prove when bringing an SVP petition. First, for a person who "is about

to be released from total confinement" and "who at any time previously has been convicted of a sexually violent offense," the SVP petition need only allege that the person is a sexually violent predator. RCW 71.09.030(1). Second, when a person "at any time previously has been convicted of a sexually violent offense and has since been released from total confinement," the State must additionally allege that the person "has committed a recent overt act." RCW 71.09.030(5). "If, on the date that the petition is filed, the person was living in the community after release from custody, the state must also prove beyond a reasonable doubt that the person had committed a recent overt act." RCW 71.09.060(1).

■ ¶12 Mr. Lewis claims that because he was awaiting retrial, he was not "about to be released" as provided in RCW 71.09.030(1), thus the State was required to allege and prove that he committed a recent overt act. We review the trial court's interpretation of the statute as a question of law, which is reviewed de novo. *In re Det. of Williams*, 147 Wn.2d 476, 486, 55 P.3d 597 (2002).

■ ¶13 Proof of a recent overt act is necessary to satisfy due process concerns when the person has been released from confinement on a sex offense. *Young*, 122 Wn.2d at 41-42 (citing *In re Harris*, 98 Wn.2d 276, 284, 654 P.2d 109 (1982)). This requirement limits deprivations of liberty to circumstances in which the State can demonstrate present dangerousness. *In re Det. of Albrecht*, 106 Wn. App. 163, 168, 23 P.3d 1094 (2001), *aff'd*, 147 Wn.2d 1, 51 P.3d 73 (2002). Proof of a recent overt act is not required if the person is incarcerated at the time the petition is filed because confinement necessarily prevents overt acts from occurring. *Young*, 122 Wn.2d at 41.

■ ¶14 Because Mr. Lewis was incarcerated for a sexually violent offense and not released, the State was not required to plead or prove a recent overt act.

¶15 Mr. Lewis asserts that the State simply elected to file the SVP petition rather than retrying him on the criminal charges. The State asserts that the Walla Walla

County prosecutor advised that if Mr. Lewis was retried and resentenced on the criminal charges overturned on appeal, he would likely receive no more prison time than he would have already served. Therefore, the prosecution elected not to retry Mr. Lewis and he was about to be released, so the State filed the SVP petition. As with any charging decision, prosecutors have the discretion to retry a case—or not to retry a case—overturned on appeal. *State v. Lewis*, 115 Wn.2d 294, 299, 797 P.2d 1141 (1990) ("prosecutors are vested with wide discretion in determining how and when to file criminal charges"); *State v. Roche*, 114 Wn. App. 424, 447, 59 P.3d 682 (2002) (remanding for a new trial "if the State should elect to retry"). Mr. Lewis has not shown that anything improper occurred.

## C. Sufficiency of Evidence

¶16 Mr. Lewis challenges the sufficiency of the evidence of the jury's determination that he is a sexual predator.

■■■ ¶17 An SVP is an individual "who has been convicted of or charged with a crime of sexual violence and who suffers from a mental abnormality or personality disorder which makes the person likely to engage in predatory acts of sexual violence if not confined in a secure facility." RCW 71.09.020(16).[3] Proof is sufficient if, when viewed in the light most favorable to the State, a rational trier of fact could have found those elements beyond a reasonable

---

[3] Similarly, the jury was instructed that:

To establish that David Lewis is a sexually violent predator, the State must prove each of the following elements beyond a reasonable doubt:

(1) That David Lewis has been convicted of a crime of sexual violence, namely, Child Molestation in the First Degree;

(2) That David Lewis suffers from a mental abnormality or personality disorder which causes him serious difficulty in controlling his sexually violent behavior; and

(3) That this mental abnormality or personality disorder makes David Lewis likely to engage in predatory acts of sexual violence if not confined to a secure facility.

CP at 190.

doubt. *In re Det. of Thorell*, 149 Wn.2d 724, 744-45, 72 P.3d 708 (2003).

¶18 Mr. Lewis only challenges the determination that he is "likely to engage in predatory acts." He argues that not all of the past acts in evidence were shown to be predatory. The State correctly points out the focus of the inquiry is future acts. The jury was to determine whether Mr. Lewis more probably than not *will* engage in predatory acts if he is not unconditionally confined.

¶19 Mr. Lewis also seems to argue that the State's expert did not understand the legal definition of "predatory."[4] The record shows otherwise.[5]

¶20 Mr. Lewis contends that the evidence is insufficient based on the opinion of the State's own expert. He asserts that the predictive method the expert used showed only a 44 percent likelihood that he would reoffend.

¶21 The State's expert testified that she used the Static-99, a commonly used actuarial instrument, on which Mr. Lewis scored a seven. A score of six or greater indicates a high risk. The test indicated a 52 percent likelihood of reconviction within 15 years. The 44 percent figure derives from the 8 percent margin of error or confidence interval. But that also means the likelihood of reconviction could be as high as 60 percent. The jury heard the testimony concerning the margin of error. Mr. Lewis also scored in the high range on the MnSOST-R (Minnesota Sex Offender Screening Tool-Revised), another actuarial instrument the

---

[4] The jury was instructed in accordance with RCW 71.09.020(9) that:

"Predatory" means acts directed towards: (a) strangers; (b) individuals with whom a relationship has been established or promoted for the primary purpose of victimization; or (c) persons of casual acquaintance with whom no substantial personal relationship exists.

CP at 193.

[5] During direct examination, the expert was asked, "Why do you think that the sexual offenses that he's likely to commit will be predatory?" RP (Apr. 27, 2005) at 390. The expert prefaced her response by observing, "[A]nd that would be, basically, not incest offenses, but casual acquaintances and strangers." *Id.* at 390-91.

expert used. It showed Mr. Lewis had a 57 percent probability of reconviction within six years.

¶22 The expert testified that the Static-99 margin of error did not affect her opinion. First, the Static-99 measures reconvictions, which underestimates risk of reoffense. Second, the expert reviewed other dynamic risk factors that placed Mr. Lewis in a high risk to offend in the over-50-percent range. These dynamic risk factors included the nature of relationships, emotional identification with children, sexual self-regulation, current attitudes, general self-regulation, and completion of sex offender treatment.

¶23 The expert also diagnosed four abnormalities—antisocial personality disorder, pedophilia, marijuana abuse, and child abuse. Mr. Lewis has a previous conviction for a sexually violent offense. *See* RCW 71.09.020(15)(a) (providing that child molestation in the first degree is a sexually violent offense). The evidence was sufficient to support the jury's determination that Mr. Lewis is a sexually violent predator.

## CONCLUSION

¶24 We conclude that the trial court did not abuse its discretion in changing the venue for the trial. We also conclude that because Mr. Lewis was incarcerated for a sexually violent offense and not released, the State was not required to plead or prove a recent overt act when petitioning to have him committed as an SVP. Finally, we conclude that there is sufficient evidence to support the jury's determination that he is an SVP. Accordingly, we affirm.

BROWN and KULIK, JJ., concur.