177 P.3d 708 (2008)
In the Matter of the DETENTION of David James LEWIS, Petitioner.
No. 79364-6.
Supreme Court of Washington, En Banc.
Argued October 23, 2007.
Decided February 28, 2008.
*709 William D. Edelblute, Attorney at Law Spokane Valley, WA, for Petitioner.
Sarah Sappington, Office of the Atty. General, Seattle, WA, Jay Douglas Geck, Office of the Attorney General, Olympia, WA, for Respondent.
FAIRHURST, J.
¶ 1 David James Lewis (aka Roy Dale Eaker) challenges a published Court of Appeals, Division Three, decision which held that the State did not have the burden of pleading or proving a recent overt act during civil commitment proceedings against Lewis. He claims that due process requires the State to plead and prove a recent overt act since, at the time of filing the sexually violent predator (SVP) petition, Lewis was in custody pending retrial of a conviction different from the predicate conviction alleged in the petition.
¶ 2 We hold that Lewis was "about to be released from total confinement," RCW 71.09.030(1), when the State filed its petition and that neither the sexually violent predators act (SVPA), chapter 71.09 RCW, nor due process require the State to plead or prove a recent overt act in this instance. We affirm the Court of Appeals and hold that the State was not required to plead or prove a recent overt act during Lewis' civil commitment proceedings.

I. FACTUAL AND PROCEDURAL HISTORY
¶ 3 The disposition of this case revolves around its procedural history. In 1992, Lewis was convicted of two counts of child molestation in the first degree in Columbia County. On his release date in 1999, Lewis was released and "escorted down to the community corrections office" and immediately arrested for lack of an approved address. G Verbatim Report of Proceedings at 194. The next day, the State filed an SVP petition against Lewis.[1]
¶ 4 In 2000, the Walla Walla County Prosecuting Attorney charged Lewis with the rape of his six-year-old half brother allegedly occurring. *710 prior to incarceration. The State voluntarily dismissed its SVP petition pending the outcome of the new charge. A jury found Lewis guilty of child rape and sentenced him accordingly. However, on appeal, his conviction was reversed and remanded due to an erroneous jury instruction. State v. Eaker, 113 Wash.App. 111, 112, 53 P.3d 37 (2002), review denied, 149 Wash.2d 1003, 67 P.3d 1096 (2003).
¶ 5 On July 1, 2003, while Lewis awaited retrial, the State attorney general filed a second SVP petition (the one at issue in this case) alleging that Lewis was convicted of child molestation in the first degree in Columbia County in 1992 and that he suffers from pedophilia. The petition did not allege that Lewis had committed a recent overt act. Ex parte, the Columbia County Superior Court found that probable cause existed to arrest Lewis and hold him for evaluation.[2] On July 11, 2003, the Walla Walla County Prosecuting Attorney dismissed the rape charge. The new trial would have been July 14, 2003.
¶ 6 On April 25, 2005, a jury determined that Lewis was an SVP and the court entered a commitment order on May 5, 2005. Lewis appealed his commitment to the Court of Appeals, Division Three. He asserted three grounds for error, (1) the trial court abused its discretion by changing venue from Columbia County, (2) the trial court erred in failing to require the State to plead or prove a recent overt act, and (3) the jury determination was not supported by sufficient evidence. The Court of Appeals affirmed the commitment on all three grounds. In re Det. of Lewis, 134 Wash.App. 896, 906, 143 P.3d 833 (2006).
¶ 7 Lewis sought review by this court to reverse the order of commitment and dismiss the petition with prejudice. We granted review but only as to the second issue of whether the State was required to plead and prove a recent overt act. In re Det. of Lewis, 161 Wash.2d 1001, 166 P.3d 718 (2007).

II. ISSUE
¶ 8 Whether the State must plead and prove a recent overt act where the offender has been confined continuously since his predicate conviction and awaits retrial for a nonpredicate offense which is about to be dismissed at the time of filing the SVP petition.

III. ANALYSIS

Background
¶ 9 In 1990, the legislature created an involuntary civil commitment scheme for individuals deemed sexually violent predators. The statute defines a "`[s]exually violent predator'" as "any person who has been convicted of or charged with a crime of sexual violence and who suffers from, a mental abnormality or personality disorder which makes the person likely to engage in predatory acts of sexual violence if not confined in a secure facility." Former RCW 71.09.020(16) (2003). Motivation for this scheme grew, in part, out of recognition that:
The existing involuntary commitment act, chapter 71.05 RCW, is inadequate to address the risk to reoffend because during confinement these offenders do not have access to potential victims and therefore they will not engage in an overt act during confinement as required by the involuntary treatment act for continued confinement.
RCW 71.09.010. Accordingly, under certain conditions, the statute allows the State to file an SVP petition without alleging a recent overt act.[3]
*711 ¶ 10 A "`[r]ecent overt act'" is "any act or threat that has either caused harm of a sexually violent nature or creates a reasonable apprehension of such harm in the mind of an objective person who knows of the history and mental condition of the person engaging in the act." Former RCW 71.09.020(10). The requirement to plead and prove a recent overt act finds its genesis in due process concerns. In re Pers. Restraint of Young, 122 Wash.2d 1, 41, 857 P.2d 989 (1993) (citing In re Det. of Harris, 98 Wash.2d 276, 284, 654 P.2d 109 (1982)). Involuntary civil commitment is a substantial curtailment of individual liberty and therefore requires a showing that the offender is presently dangerous to justify commitment. In re Det. of Albrecht, 147 Wash.2d 1, 7, 51 P.3d 73 (2002). Proof of a "recent overt act" satisfies this inquiry. Id. at 8, 51 P.3d 73 (citing Young, 122 Wash.2d at 41-42, 857 P.2d 989).
¶ 11 However, due process does not require the State to prove the "impossible." Young, 122 Wash.2d at 41, 857 P.2d 989. Most offenders are incarcerated and have not been in the community since their predicate offense conviction when the State files the petition. Id. Under such circumstances, where the State lacks an opportunity to prove present dangerousness with evidence of a recent overt act, the statute and our case law relieve the State of pleading and proving a recent overt act. Id.
¶ 12 Pertinent here, the State need not plead a recent overt act in its petition where "it appears that [a] person who at any time previously has been convicted of a sexually violent offense is about to be released from total confinement." RCW 71.09.030(1). Conversely, the statute requires the State to allege a recent overt act where the offender is "a person who at any time previously has been convicted of a sexually violent offense and has since been released from total confinement." RCW 71.09.030(5). Similarly, at trial, the State must prove beyond a reasonable doubt that the offender committed a recent overt act "[i]f, on the date that the petition is filed, the person was living in the community after release from custody." Former RCW 71.09.060(1) (2001).
¶ 13 Thus, the disposition of this case requires the court to consider the following questions:
1. Was Lewis "about to be released from total confinement" under RCW 71.09.030(1) at the time of filing?
2. Did either RCW 71.09.030(5) or former RCW 71.09.060(1) require the State to plead or prove a recent overt act?
3. Did due process require the State to plead or prove a recent overt act?
¶ 14 The questions before the court are ones of statutory interpretation which the court reviews de novo as matters of law. In re Det. of Williams, 147 Wash.2d 476, 486, 55 P.3d 597 (2002). In construing a statute, the court seeks to carry out the intent of the legislature by first relying upon its plain language. Albrecht, 147 Wash.2d at 9-10, 51 P.3d 73.
A. Was Lewis "about to be released from total confinement" under RCW 71.09.030(1) at the time of filing?
¶ 15 The SVPA allows the State to file an SVP petition "[w]hen it appears that . . . [a] person who at any time previously has been convicted of a sexually violent offense is about to be released from total confinement." RCW 71.09.030(1).[4] Lewis argues that the statute lacks ambiguity and therefore its plain meaning controls. He reminds the court that we "may not read into a statute matters that are not in it and may not create legislation under the guise of interpreting a statute." Kilian v. Atkinson, *712 147 Wash.2d 16, 21, 50 P.3d 638 (2002) (footnote omitted).
¶ 16 Lewis suggests that, based on a plain meaning reading of the statute, the offender must recognize the specter of release before the State may file a petition. Lewis asserts that because he did not know that the prosecutor intended to drop the rape charge, he, therefore, was not about to be released. We disagree. Making an offender's awareness of his or her impending release a condition to a proper filing would add a requirement to the statute that does not exist in its plain language. Lewis' lack of knowledge is immaterial given that the statute does not require an inmate know release is imminent before the State may file an SVP petition.
¶ 17 Lewis also suggests that the petition was improper because the circumstances of his incarceration did not trigger the notice provisions set forth in RCW 71.09.025.[5] However, this argument lacks relevance to the application of the filing statute, RCW 71.09.030. RCW 71.09.030 makes no reference to the notice provisions contained in RCW 71.09.025. In pertinent part, the filing statute simply states:
When it appears that . . . [a] person who at any time previously has been convicted of a sexually violent offense is about to be released from total confinement . . . the prosecuting attorney of the county where the person was convicted or charged or the attorney general if requested by the prosecuting attorney may file a petition alleging that the person is a "sexually violent predator" and stating sufficient facts to support such allegation.
RCW 71.09.030(1), (5). The notice provisions cited by Lewis have no bearing on whether a person is "about to be released" for the purposes of the petition-filing statute. Id.
¶ 18 Lewis next urges the court to apply the doctrine of expressio unius est exclusio alterius to construe the filing provisions of the SVPA. Under this canon of statutory construction, "[w]here a statute specifically designates the things or classes of things upon which it operates, an inference arises in law that all things or classes of things omitted from it were intentionally omitted by the legislature under the maxim expressio unius est exclusio alteriusspecific inclusions exclude" Landmark Dev., Inc. v. City of Roy, 138 Wash.2d 561, 571, 980 P.2d 1234 (1999) (quoting Wash. Natural Gas Co. v. Pub. Util. Dist. No. 1 of Snohomish County, 77 Wash.2d 94, 98, 459 P.2d 633 (1969)). Lewis argues that he was not about to be released at the time the petition was filed because he was awaiting retrial for a nonpredicate offense. It follows, he argues, that he is not among the class of offenders addressed by RCW 71.09.030, and therefore the doctrine of expressio unius est exclusio alterius precludes application of the statute to this case.
¶ 19 Lewis' reliance upon this canon of construction is misplaced. The circumstances of Lewis' detention fit squarely within the plain language of RCW 71.09.030(1). First, Lewis had previously been convicted of a sexually violent offense. Second, he had been under continuous total confinement and had not been released since June 18, 1992, except to be escorted to the corrections office where he was rearrested. Third, Lewis was about to be released since the county prosecutor dismissed the charge against Lewis. Therefore, Lewis falls within the class of offenders addressed by the statute.
¶ 20 The State argues that Lewis' interpretation of RCW 71.09.030(1) contravenes the purpose of the SVPA to "protect the public from `a small but extremely dangerous group of sexually violent predators' who do not qualify for treatment or incapacitation under the general civil commitment law, RCW 71.05." State of Wash. Suppl. Br. at 10 (quoting RCW 71.09.010). As noted earlier, the legislature created the SVPA in light of a perceived deficiency in chapter 71.05 RCW which required proof of an overt act as a *713 precondition to commitment. The legislature concluded that offenders in confinement "do not have access to potential victims and therefore they will not engage in an overt act." RCW 71.09.010. Conversely, Lewis avers that the State must plead and prove a recent overt act despite the lack of an opportunity to commit a recent overt act during confinement. We agree with the State that Lewis' argument fails as it would expose the public to the population group the SVPA sought to addressincarcerated SVPs.
¶ 21 Finally, Lewis alleges that the State acted improperly by utilizing a "procedural hall of mirrors" to procure his commitment. Pet. for Review at 17. We assume he premises this contention on the fact that the Walla Walla County Prosecuting Attorney did not drop the rape charge until after the State had filed its SVP petition. The Court of Appeals concluded that these actions amounted to nothing more than a proper exercise of prosecutorial discretion. Lewis, 134 Wash.App. at 904, 143 P.3d 833 (quoting State v. Lewis, 115 Wash.2d 294, 299, 797 P.2d 1141 (1990) ("prosecutors are vested with wide discretion in determining how and when to file criminal charges'")). We agree that the Walla Walla County Prosecuting Attorney acted within his discretion to abstain from retrying Lewis and drop the rape charge.
¶ 22 In sum, the fact that Lewis was awaiting retrial when the State filed its petition does not preclude a finding that he was, for all practical purposes, about to be released from total confinement. In filing its second SVP petition, the State was in the exact same position as when it filed the first SVP petition. In 1999, Lewis was about to be released. The State filed an SVP petition but the prosecuting attorney decided to press the charge. In 2001, with Lewis still in custody, the prosecuting attorney dismissed the charge and, therefore, Lewis was about to be released.
¶ 23 We hold that Lewis was about to be released from total confinement pursuant to RCW 71.09.030(1) and, therefore, the State did not have the burden to allege a recent overt act in its petition or prove a recent overt act at trial.
B. Did either RCW 71.09.030(5) or former RCW 71.09.060(1) require the State to plead or prove a recent overt act?
¶ 24 The SVPA specifies the circumstances under which the State must plead or prove a recent overt act. Under RCW 71.09.030(5), the State may file an SVP petition by alleging facts sufficient to show that the offender "at any time previously has been convicted of a sexually violent offense and has since been released from total confinement and has committed a recent overt act; and it appears that the person may be a sexually violent predator." (Emphasis added.) "`Total confinement' means confinement inside the physical boundaries of a facility or institution operated or utilized under contract by the state or any other unit of government for twenty-four hours a day, or pursuant to RCW 72.64.050 or 72.64.060." Albrecht, 147 Wash.2d at 9, 51 P.3d 73 (quoting former RCW 9.94A.030(35) (1996)). At trial, "[i]f, on the date that the petition is filed, the person was living in the community after release from custody, the state must also prove beyond a reasonable doubt that the person had committed a recent overt act." Former RCW 71.09.060(1) (emphasis added).
¶ 25 The State argues that the plain language of RCW 71.09.030(5) and former. RCW 71.09.060(1) preclude application of the recent overt act requirement to Lewis since he has never been "released from total confinement" nor was he "living in the community" at the time the petition was filed. RCW 71.09.030(5), former RCW 71.09.060(1). The record supports this contention. After serving his sentence in Columbia County, Lewis' release consisted of an escorted trip to the corrections office where he was rearrested and placed in confinement for lack of an approved address. Lewis remained in total confinement throughout the course of the proceedings in Walla Walla County for child rape. In light of Lewis' continuous confinement, the SVPA does not require the State to allege a recent overt act.
¶ 26 We hold that neither RCW 71.09.030(5) nor former RCW 71.09.060(1) require the State to supply proof of a recent overt act against Lewis given that he was *714 not, for all practical purposes, released from total confinement subsequent to incarceration for his predicate offense.
C. Did due process require the State to plead or prove a recent overt act?
¶ 27 We have held that, "`although chapter 71.09 RCW excuses the State from proof of a recent overt act when a petition is filed against an incarcerated individual, the commitment at issue must still satisfy due process.'" Albrecht, 147 Wash.2d at 9, 51 P.3d 73 (quoting In re Det. of Henricksen, 140 Wash.2d 686, 694, 2 P.3d 473 (2000)). Based upon this premise, we determined that an offender's incarceration at the time of filing does not relieve the State of its burden to plead and prove a recent overt act where the offender has been released into the community prior to the current period of incarceration.
[W]here an alleged sexually violent predator has not been released into the community since the offender's last conviction, the only way the State could prove a recent overt act would be to go back to the last offense for which the offender has been convicted. After the offender has been released into the community, proof of a recent overt act is no longer an impossible burden for the State to meet.
Id. at 10, 51 P.3d 73 (emphasis added) (citations omitted). Thus, the court concluded that the State must plead and prove a recent overt act where an offender "(1) . . . has been released from confinement (2) but is incarcerated the day the petition is filed (3) on a charge that does not constitute a recent overt act." Id. at 11 n. 11, 51 P.3d 73.
¶ 28 Lewis argues that our holding in Albrecht compels his release. Upon cursory examination, his circumstances seem to satisfy the Albrecht criteria. First, Lewis was released in 1999, albeit for a matter of minutes. Second, he was incarcerated on the day the State filed the petition. Third, he was incarcerated pending retrial of a rape conviction, an act not alleged in the petition.
¶ 29 The State asserts that Lewis' continuous confinement since his predicate offense renders the logic of Albrecht inapposite here. We agree that Albrecht is factually distinct from the present case. "The purpose of relieving the State of the burden of proving a recent overt act, when the offender has been continuously incarcerated since conviction, is that such a requirement would create an impossible burden for the State to meet." Id. at 9, 51 P.3d 73. However, the court required proof of a recent overt act because Albrecht "was released into the community following incarceration, albeit under some supervision." Id. By contrast, Lewis was not released into the community and therefore Albrecht does not apply.
¶ 30 Case law supports the State's contention that proof of a recent overt act is necessary only where an offender has been released from total confinement and also spent time in the community. See Albrecht, 147 Wash.2d at 5, 51 P.3d 73 (offender arrested for violating a community placement condition 30 days after release from prison); Henrickson, 140 Wash.2d at 689, 691, 2 P.3d 473 (offenders, Henrickson and Halgren, were released into the community for three years and three months, respectively, before reincarcerated); Young, 122 Wash.2d at 42, 857 P.2d 989 (offender Cunningham was released and living in the community for over four months prior to the State's filing its petition); cf. In re Del. of Marshall, 156 Wash.2d 150, 159, 125 P.3d 111 (2005) (noting that the offender's "reliance on Albrecht and In re Detention of Broten, 115 Wash.App. 252, 62 P.3d 514 (2003), is misplaced. In each of these cases, the offenders had been released into the community following total confinement and were then incarcerated again for violating the conditions of community placement.").
¶ 31 The facts from these previous cases differ materially from the facts before the court at present. Whereas offenders in previous cases had been released from total confinement and had spent time in the community, Lewis was released momentarily but spent no time in the community. Accordingly, Lewis lacked any opportunity to commit a recent overt act. Requiring the State to plead and prove a recent overt act in this instance creates a standard "impossible" to meet. Henrickson, 140 Wash.2d at 695, 2 P.3d 473.
*715 ¶ 32 Lewis next advocates for the rejection of the Court of Appeals holding in In re Detention of Fair, 139 Wash.App. 532, 541, 161 P.3d 466 (2007). Fair served concurrent sentences for a sexually violent offense and a robbery. When the State filed its SVP petition, Fair's sentence for the sexually violent offense had expired but he remained, incarcerated for the robbery conviction. The Court of Appeals applied this court's reasoning from Henrickson to relieve the State of pleading or proving a recent overt act since Fair had not been released into the community between his incarceration for the sexually violent offense and the robbery. Id. at 541, 161 P.3d 466 (citing Henrickson, 140 Wash.2d at 695, 2 P.3d 473). Thus, adopting Lewis' position requires the court to reject its own reasoning. See Henrickson, 140 Wash.2d at 695, 2 P.3d 473;[6]Young, 122 Wash.2d at 41, 857 P.2d 989 (observing that pleading and proving a recent overt act for an incarcerated individual would be "impossible" and "absurd" since incarceration precludes evidence of a recent overt act).
¶ 33 We hold that Lewis' momentary release in 1999 did not give the State an opportunity to present evidence of a recent overt act and therefore due process does not require the State to plead or prove a recent overt act.

IV. CONCLUSION
¶ 34 We hold that neither RCW 71,09.030(1) nor 030(5) require the State to allege a recent overt act in its SVP petition where the offender has been confined continuously since the predicate conviction and the offender is about to be released. We also hold that due process does not require the State to plead or prove a recent overt act where the offender has been confined continuously since his predicate conviction.
¶ 35 We affirm the Court of Appeals.
WE CONCUR: GERRY L. ALEXANDER, C.J., CHARLES W. JOHNSON, BARBARA A. MADSEN, TOM CHAMBERS, SUSAN OWENS, JAMES M. JOHNSON, JJ., and BOBBE J. BRIDGE, J. Pro Tern.
SANDERS, J. (concurring).
¶ 36 I agree with the majority that proof of a recent overt act is not required under these facts; however I write to clarify that whether the current legislative definition accurately defines the constitutional right at issue is not before us.
¶ 37 In re Detention of Harris, 98 Wash.2d 276, 285, 654 P.2d 109 (1982) defined "recent overt act" for due process purposes as an act "which has caused harm or creates a reasonable apprehension of dangerousness." In re Pers. Restraint of Young, 122 Wash.2d 1, 41, 857 P.2d 989 (1993), superseded by statute as stated in In re Detention of Thorell, 149 Wash.2d 724, 72 P.3d 708 (2003), imported the same requirement to sexually violent predator proceedings.
¶ 38 After Young the legislature amended chapter 71.09 RCW to require a recent overt act and defined it as "any act that has either caused harm of a sexually violent nature or creates a reasonable apprehension of such harm." Laws of 1995, ch. 216, § 1(5). This language flows directly from Harris and Young; however in 2001 the Legislature changed the definition to:
any act or threat that has either caused harm of a sexually violent nature or creates a reasonable apprehension of such harm in the mind of an objective person who knows of the history and mental condition of the person engaging in the act.

Laws of 2001, ch. 286, § 4(5) (emphasis add, ed); see also RCW 71.09.020(10).
¶ 39 We have never addressed whether this language broadens or attempts to dilute the recent overt act constitutional requirement, *716 which, of course, the legislature has no power to do. See City of Boerne v. Flores, 521 U.S. 507, 519, 117 S.Ct 2157, 138 L.Ed.2d 624 (1997). See also Seattle Sch. Dist. No. 1 v. State, 90 Wash.2d 476, 497, 585 P.2d 71 (1978) (stating "the effect of a judicial interpretation of the constitution may not be modified or impaired in any way by the legislature"). But since the case before us does not require us to reach that issue, we do not.
¶ 40 I concur.
NOTES
[1] A month prior to release, the State declined to pursue a civil commitment referral concluding that Lewis' history did not reveal a "provable pattern of predatory acts" under chapter 71.09 RCW. Clerk's Papers at 45. However, the State noted that it did not "mean to imply [Lewis] is not at risk to reoffend." Id.
[2] The court affirmed the ex parte determination at a subsequent probable cause hearing October 1, 2003.
[3] In relevant part, RCW 71.09.030 states:

When it appears that: (1) A person who at any time previously has been convicted of a sexually violent offense is about to be released from total confinement on, before, or after July 1, 1990; . . . (5) a person who at any time previously has been convicted of a sexually violent offense and has since been released from total confinement and has committed a recent overt act; and it appears that the person may be a sexually violent predator, the prosecuting attorney of the county where the person was convicted or charged or the attorney general if requested by the prosecuting attorney may file a petition alleging that the person is a "sexually violent predator" and stating sufficient facts to support such allegation. violent predator" and stating sufficient facts to support such allegation.
[4] Previous cases construing RCW 71.09.030(1) do not aid the court in its current inquiry. In re Detention of Smith focused on the jurisdictional ramifications of RCW 71.09.030(1). 130 Wash. App. 104, 122 P.3d 736 (2005). The Court of Appeals held that "about to be released from total confinement" connoted release from a facility in Washington regardless of whether the offender would be transported upon release to another state's detention facility: "The legislature clearly intended to make the date of a person's release the focus of the statute. The legislation as a whole makes clear that the legislative focus is the release of a person from a Washington state institution." Id. at 111, 122 P.3d 736,
[5] When it appears that a person may meet the criteria of a sexually violent predator as defined in RCW 71.09.020(1), the agency with jurisdiction shall refer the person in writing to the prosecuting attorney of the county where that person was charged, three months prior to:

(i) The anticipated release from total confinement of a person who has been convicted of a sexually violent offense.
RCW 71.09.025(1)(a)(i) (Reviser's note omitted).
[6] Lewis misapprehends the rationale set forth in Henrickson. He states,

But, if the State argues[, Lewis'] position is absurd, as his position means he could never have a SVP petition filed against him, that is false. A) It could've been filed before his release from his sentence B) If trial proceeded and he was convicted then it could have been filed before his release.
Suppl. Br. of Pet'r at 6-7. Here, Lewis' argument seems to relate to the timing of the petition, whereas the language quoted from Henrickson concerns the availability of evidence upon which the State may allege a recent overt act.