**FILED**
**OCTOBER 22, 2019**
**In the Office of the Clerk of Court**
**WA State Court of Appeals, Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

In re:                              )          No.  36114-4-III
                                    )
TATUM ACEVEDO,                      )
                                    )
              Appellant,            )
                                    )
       and                          )          UNPUBLISHED OPINION
                                    )
STEVE JORDAN, BRANDI JORDAN         )
and ANTHONY JORDAN, Father,         )
                                    )
              Respondents.          )

LAWRENCE-BERREY, C.J. — Tatum Acevedo brought an action to invalidate

and/or vacate an agreed nonparental custody order (NPCO) and decree that gave custody

of her infant daughter to her boyfriend's parents.  Her motion to invalidate was based on

25 U.S.C. § 1914, a provision of the Indian Child Welfare Act (ICWA).  Her motion to

vacate was based on her being an unrepresented minor without a guardian ad litem when

the NPCO was entered.  She appeals the trial court's order denying reconsideration of her

requests to invalidate and/or vacate the NPCO and decree.

We conclude that the trial court abused its discretion by misapplying the law.

Specifically, we hold that Ms. Acevedo has sufficiently established that ICWA might

require the NPCO and decree to be invalidated. We reverse and remand for the trial court

to rule on Ms. Acevedo's requests to invalidate and/or vacate the NPCO and decree.

FACTS

Tatum Acevedo was only 15 years old when she gave birth to N.J. The baby's

father, Anthony Jordan, was only 17 years old. Anthony Jordan's parents are Brandi

Jordan and Steve Jordan.

About one year after N.J.'s birth, Brandi and Steve Jordan prepared and filed

nonparental custody documents. Ms. Acevedo had recently turned 16, was unrepresented,

and no guardian ad litem had been appointed to protect her interests. The petition noted

that Anthony, Brandi, and Steve Jordan all were of American Indian heritage. The

petition recited the following bases for the proposed NPCO:

> Neither parent has the ability to financially or emotionally support the child
> at this time.
> . . . .
> Both the biological parents have consented to giving my husband
> and myself custody . . . .
> . . . .
> My husband and I have been the primary caretakers of [N.J.] since
> her birth. We are able to support her emotionally and financially and will
> continue to do so until her biological parents have shown to be able to do
> so.

2

Clerk's Papers (CP) at 120-21.

The participants presented the papers together with the proposed NPCO to a Stevens County Superior Court judge. The proposed NPCO granted custody of N.J. to Steve and Brandi Jordan, and permitted their son and Ms. Acevedo unlimited visitation at the Jordans' house, which was where all participants lived at the time. The superior court determined that Anthony, Steve, and Brandi Jordan had American Indian heritage, that ICWA did not apply, and signed the NPCO.

One year later, Steve and Brandi Jordan divorced. For three months, Ms. Acevedo, Anthony Jordan, and N.J. lived with Ms. Acevedo's parents. Brandi Jordan found a home in Spokane County. So as not to violate the NPCO, Ms. Acevedo agreed to move herself and N.J. in with Brandi Jordan. Anthony Jordan also moved in with his mother.

Before turning 19, Ms. Acevedo filed an action in Spokane County Superior Court to modify the NPCO and decree. In her motion, Ms. Acevedo asked that custody be returned to her, that the court enter a protective order against Anthony Jordan, and that the court enter an amended parenting plan. The bases for the motion were that Anthony Jordan had committed numerous acts of domestic violence against her and N.J. and that she was now capable of independently caring for N.J. The motion was accompanied by

an ex parte request for a restraining order against Anthony Jordan, a request for immediate custody of N.J., and an order to show cause why the relief sought in the motion should not be granted.

At the ex parte hearing, the judicial officer raised the issue of whether the NPCO was even valid, given Ms. Acevedo's age at the time it was entered. Promptly thereafter, Ms. Acevedo moved to vacate the NPCO and decree. Her motion cited CR 60(b)(2), (10), and (11).

Brandi Jordan responded to the motion to vacate. She argued that Spokane County Superior Court did not have jurisdiction to vacate another county's NPCO and decree. Alternatively, she asserted that Ms. Acevedo exceeded the allowable time to bring her motions.

Before the trial court could rule on her motion to vacate, Ms. Acevedo added an additional argument, an argument for *invalidating* the NPCO and decree. Her additional argument relied on 25 U.S.C. § 1914. That section allows parents of an Indian child removed from their custody to have a foster care placement invalidated if the placement did not comply with certain ICWA requirements. Ms. Acevedo asserted that the NPCO and decree did not comply with ICWA requirements because N.J. is an Indian child, yet

4

the court had not given N.J.'s potential tribe notice of the nonparental custody

proceeding.

Various mishaps complicated the decision on Ms. Acevedo's requests. These

mishaps had to do with a delay in getting the Stevens County file before the Spokane

County trial court, and the Spokane County trial court issuing its initial decision

prematurely.

In its initial decision, the trial court determined that it lacked jurisdiction.

Unbeknownst to the trial court, the motion it decided had been continued by agreement,

and Stevens County had earlier transferred the file and venue to Spokane County.

Ms. Acevedo moved for reconsideration. She explained that her request to

vacate/invalidate was appropriate because Spokane County had the Steven's County file,

and Stevens County had transferred venue to Spokane County. She reiterated that the

NPCO and decree should be vacated (because she was an unrepresented minor without a

guardian ad litem when the initial order had been entered), and/or invalidated (because of

noncompliance with certain ICWA requirements).

The trial court denied Ms. Acevedo's motion for reconsideration. The trial court

first concluded that the nonparental custody action was not a foster care placement under

25 U.S.C. § 1914. For this reason, the trial court concluded that § 1914 did not apply.

The trial court also concluded that it lacked a sufficient record to determine whether the proceedings in Stevens County were erroneous under CR 60(b)(2), (10), and (11).

Ms. Acevedo timely appealed.

## ANALYSIS

A.   ERRONEOUS DENIAL OF RECONSIDERATION—INDIAN CHILD WELFARE ACT

Ms. Acevedo contends the trial court erred by denying her motion for reconsideration. We agree.

We review a trial court's decision on a motion for reconsideration for an abuse of discretion. *Rivers v. Wash. State Conference of Mason Contractors*, 145 Wn.2d 674, 685, 41 P.3d 1175 (2002). "An abuse of discretion occurs only when the decision of the court is 'manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons.'" *State v. McCormick*, 166 Wn.2d 689, 706, 213 P.3d 32 (2009) (quoting *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971)). A trial court abuses its discretion if it bases its ruling on an erroneous view of the law. *State v. Lord*, 161 Wn.2d 276, 284, 165 P.3d 1251 (2007).

In 1978, Congress passed ICWA, 25 U.S.C. §§ 1901 et. seq., "to protect the best interests of Indian children and to promote the stability and security of Indian tribes and

families . . . ." 25 U.S.C. § 1902. ICWA establishes minimum federal standards for the removal of Indian children and placement in foster or adoptive homes. *Id.*

ICWA applies to child custody proceedings that involve Indian children. *In re Adoption of M.*, 66 Wn. App. 475, 478, 832 P.2d 518 (1992). "Indian child" means "any unmarried person who is under age eighteen and is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe." 25 U.S.C. § 1903(4). The NPCO determined that N.J. was an Indian child. Neither party has challenged this.

ICWA allows an Indian child, an Indian child's parent, or the requisite Indian tribe to invalidate a child custody action if it did not comply with certain ICWA requirements. Under 25 U.S.C. § 1914:

> Any Indian child who is the subject of any action for *foster care placement* or termination of parental rights under State law, any parent or Indian custodian from whose custody such child was removed . . . may petition any court of competent jurisdiction to invalidate such action upon a showing that such action violated any provision of sections 1911, 1912, and 1913 of this title.

(Emphasis added.) The trial court denied Ms. Acevedo's motion for reconsideration because it determined that the nonparental custody action was not a foster care placement action. This determination was erroneous.

Under ICWA, "foster care placement" means

> any action removing an Indian child from its parent or Indian custodian for temporary placement in a foster home or institution or the home of a guardian or conservator where the parent or Indian custodian cannot have the child returned upon demand, but where parental rights have not been terminated.

25 U.S.C. § 1903(1)(i).

Washington courts have determined that nonparental custody petitions are actions for "foster care placement" under ICWA. *See In re Interest of Mahaney*, 146 Wn.2d 878, 889, 51 P.3d 776 (2002); *In re Custody of C.C.M.*, 149 Wn. App. 184, 196-97, 202 P.3d 971 (2009); *In re S.B.R.*, 43 Wn. App. 622, 625, 719 P.2d 154 (1986). Here, N.J. was temporarily[1] removed from Ms. Acevedo's custody and, as made evident by the current proceedings, Ms. Acevedo could not have N.J. returned to her upon demand. Therefore, the nonparental custody petition was a "foster care placement" under 25 U.S.C. § 1914.

The two other requirements of 25 U.S.C. § 1914 are met. First, N.J. is an Indian child. Second, this action to invalidate was brought by Ms. Acevedo—N.J.'s parent from whose custody N.J. was removed.

---

[1] A nonparental custody order confers only a *temporary* and uncertain right to custody of the child because the child has no suitable legal parent. When and if a legal parent becomes fit to care for the child, the nonparent has no right to continue a relationship with the child. *In re Parentage of J.A.B.*, 146 Wn. App. 417, 426, 191 P.3d 71 (2008).

We conclude that the trial court abused its discretion by taking an erroneous view of the law when it concluded that the nonparental custody proceeding was not a foster care placement under 25 U.S.C. § 1914.[2] We conclude that the nonparental custody action satisfies the requirements of 25 U.S.C. § 1914, and the trial court has the ability to invalidate the NPCO and decree if the proceedings did not comply with 25 U.S.C. §§ 1911, 1912, or 1913. We reverse and remand for the trial court to make that determination.

B.   NO ALTERNATE BASIS TO AFFIRM—JURISDICTION

Ms. Acevedo also argues that the trial court erred in concluding it lacked jurisdiction. In its reconsideration ruling, the trial court no longer relied on this basis for dismissing Ms. Acevedo's action.

However, we may affirm a trial court on any basis supported by the briefing and the record below. *Huff v. Wyman*, 184 Wn.2d 643, 648, 361 P.3d 727 (2015). Here, both sides argued the issue of jurisdiction on appeal, and the lower court record is sufficiently

---

[2] Ms. Acevedo argues that the NPCO, decree, and proceeding violated ICWA and Washington's version of ICWA. Ms. Acevedo may well be correct. But we do not reach that question. The trial court has yet to rule on the merits of Ms. Acevedo's motion to vacate the NPCO and decree because of the purported ICWA violations. The trial court must rule on the merits first before it is ripe for our review.

developed for us to rule on this issue. We address this issue to make clear that the trial court has jurisdiction.

Superior courts are courts of general jurisdiction. CONST. art. IV, § 6. RCW 26.12.010(1) specifically gives superior courts jurisdiction over family court matters, including proceedings to adjudicate or modify parenting plans and child custody matters. This action qualifies as a family court matter. We conclude that the trial court has jurisdiction to decide the questions posed to it.

The concern here is not one of jurisdiction, it is one of venue. Courts may transfer a case to a different county based on appropriate venue considerations. RCW 4.12.030. In addition, a trial court has the inherent authority to transfer a case to a different county where necessary for the proper administration of justice. *In re Det. of Lewis*, 134 Wn. App. 896, 902, 143 P.3d 833 (2006), *aff'd*, 163 Wn.2d 188, 177 P.3d 708 (2008). This issue was not argued or ruled on below. We need not further address it.

We reverse the trial court's denial of Ms. Acevedo's motion for reconsideration and remand for the trial court to consider her requests to invalidate and/or vacate the NCPO and decree.

No. 36114-4-III
*Acevedo v. Jordan*

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Lawrence-Berrey, C.J.

WE CONCUR:

_____        _____
Siddoway, J.                                    Pennell, J.

11