101 P.3d 422 (2004)
124 Wash.App. 344
STATE of Washington, Respondent,
v.
Jack McNUTT, Appellant.
No. 49917-3-I.
Court of Appeals of Washington, Division 1.
November 22, 2004.
David Hirsch, Leslie J. Garrison, The Defender Association, Seattle, WA, for Appellant.
Joe Solseng, King County Sr. Deputy Pros. Atty, Seattle, WA, for Respondent.
KENNEDY, J.
Jack McNutt stipulated to commitment as a sexually violent predator, but reserved his right to appeal certain pre-trial rulings. He contends that by denying his motion to dismiss the petition for the State's failure to plead and prove a recent overt act, the trial court erroneously relieved the State of its burden to demonstrate current dangerousness and deprived him of due process. Because *423 McNutt's incarceration at the time of the petition for communicating with a minor for immoral purposes would, under the facts of the case, constitute a recent overt act if he had been released since his conviction and committed it, the trial court properly determined that the State was not required to plead or prove a recent overt act. Accordingly, we affirm.

FACTS
In 1973, Jack McNutt pleaded guilty to one count of indecent liberties and then completed a prison sentence. In March 1998, McNutt entered an Alford[1] plea to a felony charge of communicating with a minor for immoral purposes. The trial court sentenced McNutt to 43 months in prison. While he was still in total confinement, the State filed a petition alleging that McNutt is a sexually violent predator under RCW 71.09.
McNutt stipulated to commitment in January 2002, reserving two issues for appeal. Following the publication of In re Detention of Thorell, 149 Wash.2d 724, 72 P.3d 708 (2003), McNutt properly conceded that the trial court did not err in its rulings regarding consideration of less restrictive alternatives. Accordingly, we do not consider that issue.
McNutt's remaining assignment of error involves the trial court's rulings related to proof of a recent overt act. In particular, relying on In re Detention of Henrickson, 140 Wash.2d 686, 2 P.3d 473 (2000), the trial court denied McNutt's motion to dismiss for the State's failure to plead and prove a recent overt act, stating:
The Henrickson court specifically ruled that convictions for first degree kidnapping and communication with a minor for "immoral purposes" would certainly qualify as either a sexually violent act or a recent overt act. The court did not focus only on the kidnapping convictions, the court specifically referred to both convictions.
This court is not in a position to go beneath the language of that plain directive by looking at the petition that was filed in Henrickson, nor does the Henrickson court require this court to engage in a fact-finding process to decide whether the facts rise to the level of satisfying the statutory definition, so relying strictly on the language in Henrickson, this court denies the defense motion to dismiss, finding that there is no need for the State to either plead or prove a recent overt act.
Report of Proceedings 1/3/02 at 7-8.

ANALYSIS
Under RCW 71.09.030(1), the State may file a sexually violent predator petition when it appears that a "person who at any time previously has been convicted of a sexually violent offense is about to be released from total confinement[.]" To satisfy due process, the indefinite civil detention of sexually violent predators must be based on findings of current mental illness and present dangerousness. In re Detention of Albrecht, 147 Wash.2d 1, 7-8, 51 P.3d 73 (2002). Where a person has been released from total confinement, current dangerousness may be demonstrated by a "recent overt act." Id. at 8, 51 P.3d 73. A recent overt act "means any act or threat that has either caused harm of a sexually violent nature or creates a reasonable apprehension of such harm in the mind of an objective person who knows of the history and mental condition of the person engaging in the act." RCW 71.09.020(10).
Although the statute does not require the State to prove a recent overt act when the petition is filed against an incarcerated person, the commitment must satisfy due process. Id. at 9, 51 P.3d 73, citing Henrickson, 140 Wash.2d at 694, 2 P.3d 473; In re Personal Restraint of Young, 122 Wash.2d 1, 27, 857 P.2d 989 (1993). If the petition is filed while the "individual is incarcerated for a sexually violent offense, or for an act that itself would have constituted a recent overt act, due process does not require the State to prove a further overt act occurred between arrest and release from incarceration." Henrickson, 140 Wash.2d at 697, 2 P.3d 473.
McNutt first contends that the trial court erred in following Henrickson because *424 communicating with a minor for immoral purposes is not a sexually violent offense as defined by RCW 71.09.020(15). But due process still would not require the State to prove an additional recent overt act if McNutt's crime of communicating with a minor itself would have constituted a recent overt act  that is, if it either caused harm of a sexually violent nature or would create a reasonable apprehension of such harm in the mind of an objective person who knows of the history and mental condition of the person engaging in the act. Henrickson, 140 Wash.2d at 697, 2 P.3d 473.
McNutt contends that his case is in the same posture as Albrecht, such that the State should have been required to plead and prove a recent overt act. But Albrecht had been released from total confinement and was again incarcerated for violating community placement conditions when the State filed its petition. Albrecht, 147 Wash.2d at 4-5, 51 P.3d 73. Because due process requires a showing of current dangerousness once an offender is released, our supreme court held that the State must plead and prove a recent overt act and cannot rely on incarceration for community placement violations. Albrecht, 147 Wash.2d at 10-11, 51 P.3d 73; see also, In re Detention of Broten, 115 Wash.App. 252, 256, 62 P.3d 514 (2003) ("The State is relieved of its burden of proving a recent overt act only if the offender has not been released from total confinement since he was convicted."); In re Detention of Davis, 109 Wash.App. 734, 736, 37 P.3d 325 (2002) ("We hold that in the context of civil commitment proceedings under chapter 71.09 RCW, incarceration for a community placement violation does not constitute incarceration for the underlying sexually violent offense."), review denied, 150 Wash.2d 1002, 77 P.3d 650 (2003)
Here, the State filed its petition before McNutt was released from total confinement on the crime of communicating with a minor. Therefore, if that crime "itself would have constituted a recent overt act," the State would not be required to plead and prove any other recent overt act.
McNutt apparently argues that in order to relieve the State of the burden of pleading and proving a recent overt act in this case, either this court must conclude that communicating with a minor for immoral purposes constitutes a per se recent overt act, or the question of whether the crime of communicating in this case "would have constituted a recent overt act" is a factual question that must be decided by a jury. He also contends that the record does not contain sufficient facts to determine whether his crime of communicating would have constituted a recent overt act because he entered an Alford plea, which allows him to deny elements of the crime in later civil actions. Brief of Appellant at 37, citing Falkner v. Foshaug, 108 Wash.App. 113, 122-26, 29 P.3d 771 (2001).
Here, the trial court did not engage in a factual inquiry but concluded that McNutt's crime of communicating would have constituted a recent overt act based on the reference in Henrickson to a crime of communicating with a minor for immoral purposes. In that case, Henrickson, who had a long history of sexual assaults on young girls, was incarcerated for abducting a six-year-old girl and showing her a pornographic picture. 140 Wash.2d at 689, 2 P.3d 473. Halgren, another defendant in the consolidated case who had a history of sexually related offenses, including a first degree rape conviction, was incarcerated for unlawful imprisonment involving a prostitute. 140 Wash.2d at 691, 2 P.3d 473. The court concluded:
Henrickson's incarceration stemmed from convictions for attempted kidnapping in the first degree and communication with a minor for immoral purposes. These convictions would certainly qualify as either a sexually violent offense or a recent overt act. Likewise ... Halgren['s] ... conviction, based on a charge of unlawful imprisonment, would also qualify as a sexually violent offense or a recent overt act.
140 Wash.2d at 696, 2 P.3d 473.
To the extent that the trial court in the instant matter may have read Henrickson to hold that communicating with a minor is per se a recent overt act where the defendant remains incarcerated, the trial court erred. A factual inquiry is necessary  McNutt is correct to that extent  but because it is a mixed question of law and fact *425 regarding McNutt's history, that inquiry is for the court and not the jury. See, e.g., Henrickson, 140 Wash.2d at 689, 691, 695-96 (appellate court reviewed offenders' histories and nature of charges leading to incarceration to determine whether convictions would qualify as recent overt acts.) The factual inquiry determines the factual circumstances of McNutt's history and mental condition, and the legal inquiry determines whether an objective person knowing those factual circumstances would have a reasonable apprehension of harm of a sexually violent nature resulting from the act in question. Moreover, the fact that McNutt entered an Alford plea does not change the nature of the trial court's inquiry into his history. Although the trial court did not engage in a factual analysis on the record for this appeal, we conclude from the record that only one conclusion is reasonable: McNutt's acts at the time of the crime for which he remained incarcerated create a reasonable apprehension of harm of a sexually violent nature in the mind of an objective person who knows the history and mental condition of the person engaging in the act, as required under RCW 71.09.020(10).
The record reflects that McNutt suffers from pedophilia and sexual masochism. He has a history of offering young boys money, beer, or cigarettes to perform sadistic acts upon him while he masturbates. For example, in 1972, McNutt offered several different junior high school boys money and cigarettes to tie him to his bed and slap and hit him. He also performed oral sodomy on the boys and had anal intercourse with them while tied up. He tried to entice the boys to insert ice cubes into his anus, but they refused. He had them pour hot water on him while he was tied up. He paid the boys to urinate in his mouth. In 1981, McNutt offered several boys money if they would beat him with a belt while he masturbated. It was not unusual for McNutt to use older youths to lure younger ones into the sexually charged situation.
At the time of the State's petition, McNutt was incarcerated for the crime of communicating with a minor for immoral purposes based on his inviting four people  three young adult males and one 14 year old girl  to his home, giving them beer and inviting them to engage in various sex acts with him. He told the four that he wanted to be their sex slave and that he would do whatever they wanted him to do. He asked the 14-year old girl to write on his body with lipstick. He showed them a paddle and said he wanted to be spanked with it when he was bad.
Although the act of communicating here involved a girl rather than boys, we conclude that it constitutes a recent overt act in that it could only create a reasonable apprehension of harm of sexually violent nature in the mind of an objective person who knows McNutt's history and mental condition. As the State points out, in State v. McNallie, 120 Wash.2d 925, 933, 846 P.2d 1358 (1993), our Supreme Court said that the communication statute prohibits communication with children "for the predatory purpose of promoting their exposure to and involvement in sexual misconduct." That McNutt historically offers money to minors to perform sadistic acts on him makes his conduct no less sexually violent than if he himself were the sadist, rather than the masochist  and his conduct here exemplified more of the same kind of predatory behavior as in the past. We think it may be possible that some factual scenario can be imagined in which someone with a sexually violent criminal history can commit the act of communicating with a minor for immoral purposes without also committing a recent overt act as defined by the statute, and that the Henrickson court did not intend to preclude such a possibility. But under these facts, as was also true in Henrickson, McNutt is not that person.
Accordingly, we affirm McNutt's commitment as a sexually violent predator.
WE CONCUR: ELLINGTON, A.C.J., and AGID, J.
NOTES
[1] North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).